WILLETT L. IRISH, APPELLANT, v. GEORGE E. PHEBY ET AL., APPELLEES.

[FILED DECEMBER 17, 1889.]

1. **Pleadings:** JUDGMENT ON.  The plaintiff, in and by his petition, having alleged the necessary facts to entitle him to the judgment and relief therein demanded, and none of such facts and allegations having been denied, nor any set-off, nor counterclaim, nor other fact or matter alleged, or pleaded in avoidance thereof, *held*, that the plaintiff was entitled to a judgment on the pleadings.

2. **The evidence** examined, and *held*, that as a matter of evidence the plaintiff was entitled to a judgment.

APPEAL from the district court for Douglas county Tried below before GROFF, J.

*Winfield S. Strawn*, for appellant.

*Holmes, Wharton & Baird*, for Danish Baptist church, cited: *Morrison v. Paxton*, 17 Neb., 634; *Foster v. Dohle*, Id., 631.

COBB, J.

This case was appealed from the district court of Douglas county.

The appellant exhibited a bill in the court below against the firm of Pheby & Turner, builders, of Omaha, and H. A. Reichenbach, Nels Christiansen, A. G. Christensen, A. Busch, and S. P. Sorenson, trustees of the Danish Baptist church, of Omaha, unincorporated, and Isaac Williams, Silas S. Hansen, Dow & McIver, partners, etc., and Caroline C. Van Namee, defendants and appellees, alleging that on February 24, 1888, Pheby & Turner contracted with the trustees and building committee of the Danish Baptist. church, of Omaha, to erect for said church and said committee a church building, for religious worship, on lot 3 of block 11 of Parker's addition to the city of Omaha, and to furnish the materials therefor. In pursuance of which they purchased of appellant materials for the construction of the church building amounting to $295.32, which amount has never been paid, and is now due; that at the time of furnishing the materials, the owner of record of said lot was Caroline C. Van Namee, but that the Danish Baptist Church Society, and the trustees thereof, were the true and actual owners by lease or gift, but the precise nature of the title is not of record; that on May 31, 1888, within sixty

days after furnishing the materials, the appellant filed an itemized account of the same, under oath, in the office of the register of deeds of said county, claiming a mechanic's lien upon the lot, and the building thereon, for the sum of $295.32, with interest from April 21, 1888; that Williams and Hansen, and the firm of Dow & McIver, by the records of said county, claim a mechanic's lien on said lot and building, and are therefore made defendants.

The plaintiff below prayed judgment for the sale of the property, upon the adjustment of the liens, and rights of all parties made defendants.

The defendant Van Namee answered, denying all allegations of the bill not expressly admitted; she admits that a church building has been erected on the lot described, and states that she is the owner of said lot; that on April 19, 1887, she leased the same to Taylor Turner for the term of five years from that date; that on April 7, 1888, she gave her consent to Turner to transfer his interest to S. P. Sorenson, which was executed by lease, of which Sorenson holds possession, and that she never authorized the erection of any building thereon.

The defendant Hansen answered, denying all allegations of the bill not expressly admitted; he admits that Pheby & Turner built a church building on the lot described, under a contract with the trustees of the Danish Baptist church, of Omaha; that as to how much material the plaintiff furnished the contractors, if any, he has no knowledge; that he has a lien upon the building for work and labor thereon of twenty-two and one-half days at an agreed rate of wages of $2.50 per day, employed by the contractors and builders, amounting to $56.25, due April 28, 1888; that on May 2, 1888, he filed his claim, in accordance with the statute, in the register of deeds' office of said county, perfecting a mechanic's lien on lot No. 4, through error and mistake, and that the building is located on lot No. 3, block 11; that on May 14, following, he

refiled his claim, according to law, in the register's office, perfecting his said mechanic's lien on lot No. 3 for the said amount due him, and asks judgment therefor.

The defendants Christensen, Busch, and Sorenson answered, jointly, that they were acting as a committee for said church in erecting the building spoken of; that they are informed that the plaintiff claims a lien for lumber and material furnished, but do not know nor admit the amount, nor that he filed it for a mechanic's lien within sixty days, as alleged; that neither of the defendants owns said property; that the church has no lease or right upon the lot, save a verbal license to remain, and pays no rent; that they paid to Pheby & Turner the full sum due upon the contract for the building, and that defendants Williams and Hansen were present at the time of payment, and made no objections—they had been notified to be present and get their pay.

The defendants Dow and McIver answered that they were not informed as to the truth of the allegations of the bill, save that it is true that they have a lien upon the property described, also east fifty feet in Bedford Place, an addition to the city of Omaha, for the sum due them of $5.70, and pray judgment therefor.

The plaintiff replied to the answer of Hansen admitting that he laid his claim on lot No. 4, and that lot No. 3 is that on which the building was erected, and denies all allegations set up in the answer; to the answer of Dow and McIver he had no knowledge of the matters stated; and to that of Van Namee he denies that she never authorized the erection of the church building on said lot, and admitting that she holds the fee of the premises, reiterates that the church organization, or committee, has an interest therein, under which the building was erected.

Subsequently, the defendants Pheby, Turner, and Williams, having been duly served with process, made default, and upon trial to the court the findings were for the de-

fendants and against the plaintiff; that the plaintiff is not entitled to a mechanic's lien.

II. That Dow and McIver are entitled to a mechanic's lien for $12.50 for work and material furnished the contractor and used upon the building.

III. That Silas S. Hansen is entitled to a mechanic's lien for the sum of $56.25.

IV. That the Danish Baptist church is in possession of the land described, under a verbal lease, and is the owner of the church building situate thereon; that the liens of said two defendants attach to, and are liens upon, the interest of said church in said lot and building. The plaintiff's bill was dismissed.

It was further ordered that said mechanic's liens be foreclosed, and that the Danish Baptist church, within thirty days, pay the amounts severally found due, and pay the costs; and in default that its interests in the premises, and the building thereon, be sold as the law directs, and the proceeds applied to the payment of the costs of suit, and of the sale, and the payment of the liens, saving as to the plaintiff's costs adjudged against him. To all of which the plaintiff excepted of record.

The counsel on either side, in their briefs, agree that the chief, if not the sole, ground upon which the trial court found against the plaintiff and denied his right to a lien in the case was, that there was not sufficient evidence of the delivery of the building material, set out and itemized in the bill of particulars, to Pheby & Turner, the contractors, at or upon the site of the building. Upon carefully looking over the pleadings and evidence, I can see no other ground upon which such decision can be based.

Plaintiff, in his petition, squarely alleges the delivery of said materials by the plaintiff at said church building for the purpose of being used in the erection of the same; that they were furnished at the dates set out in said account. These allegations, under the law and rules of pleading,

were such as to demand an explicit answer from each party defendant who makes a defense. It is denied by the defendant, Caroline C. Van Namee, but not by either of the other defendants. The church trustees in their answer say that they do not admit the amount of the plaintiff's bill, but they do not even say that they do not admit the delivery of the items of building material at the site of the church. But I know of no rule of pleading that attaches any consequence to a defendant's failing to agree to an allegation of the petition ; but if he fails to deny a fact well pleaded, and charged against him in such petition, he will, generally, at least, thereby excuse his adversary from the duty of proving it.

The plaintiff,. however, introduced evidence of his having sent all of the material from his lumber yard to the ground upon which the church was being erected. This material amounted to eighteen wagon loads, or parts of loads. The plaintiff testified that with each load, or part of load, he sent a ticket, or memorandum receipt, to be signed by the contractors and returned ; and he introduced eighteen of these memorandum receipts which are attached to the bill of exceptions. Ten of them are signed by one of the contractors and his signature sworn to be genuine; one of them is signed S. Sorenson, one of the trustees of the church. Seven of them were unsigned, but each unsigned one contains a memorandum that at the time of the delivery there was "no one at the building" and which memoranda were testified to by the plaintiff to have been made by the drivers of the teams carrying such loads respectively. One of these memorandum receipts, which is signed by G. Pheby, one of the contractors, contains a memorandum on its face indicating that the material constituting that load was delivered at the shop of the contractors. In the case of *Foster v. Dohle*, 17 Neb., 631, there was a special finding in the trial court of the amount and quantity of lumber delivered by the plaintiff for the use of the building, and (2)

the quantity of lumber furnished by the plaintiff on the or-
der of the contractor, for use in said building, and actually
used therein, including that which was wasted and de-
stroyed in the process of so using. Judgment was ren-
dered for the amount so used, wasted, and destroyed only.
In affirming this judgment, the court, in the opinion, con-
strued sec. 1 of chap. 54, Comp. Stats. The language of
the section construed is, " Any person who shall perform any
labor or furnish any material  *  *  *  for the erection, re-
paration, or removal of any house  *  *  *  by virtue of a
contract or agreement, expressed or implied, with the owner
thereof, or his agents, shall have a lien," etc. In the opinion
the court says: " One of the objects of the legislature, no
doubt, was to prevent collusion between the owner and con-
tractor and thus protect those who have furnished material
or performed labor on the building from being defrauded.
And so far as it may be necessary to carry this purpose
into effect the law will be liberally construed. But it will
not be seriously contended that the mere fact that the owner
has entered into a contract with the builder to erect or re-
pair a building authorizes the builder to go to every lumber
yard in the city and every hardware store and purchase
from each a sufficient quantity of material for the erection
or repair of the building in question, and make the owner
of the building liable therefor. If all this material was de-
livered by the material men at the building, and they acted
in entire good faith, it is possible the owner might be lia-
ble, because the delivery of the material would be notice
to him of the unusual quantity which was being furnished
for which he might be liable."

The doctrine of the above case, as I understand it, is,
that, in a case similar to the one there put, the builder would
be liable for such material as was actually put into the
building, and might be held liable for material not actually
put into the building, if those furnishing it to the con-
tractor acted in entire good faith, and the material was de-

livered to the material man at the site of the building. In the case at bar there is some evidence of the delivery of each parcel of building material at the site of the building, and sufficient, in my mind, in the absence of any evidence to the contrary.  There is not a suggestion in the case that any part of the material that entered into the construction of the church above the foundation was furnished by any party other than the plaintiff, and it appears that the trustees of the church paid off the contractors and the latter absconded before the building was finished, and while one of the cross-petitioners was at work at the carpenter's bench finishing it.

In my view the plaintiff was entitled to a judgment establishing and foreclosing his lien, upon the pleading, and that, had he not been, the evidence in support thereof was sufficient.

No judgment can be rendered in this proceeding against the defendant Caroline C. Van Namee, and the lien hereinafter ordered will extend only to the lease-hold interest in the said lot of the Danish church, and of Soren P. Sorenson.

The judgment and decree of the district court, in so far as the petition, claim, and lien of the plaintiff is in any manner concerned, is reversed and a judgment and decree will be entered in this court in favor of the plaintiff in strict conformity with the prayer of his petition, as above limited, in its application.

JUDGMENT ACCORDINGLY.

THE other judges concur.