MARY MEEHAN v. FIRST NATIONAL BANK OF FAIR-FIELD.

FILED MARCH 5, 1895.    No. 5954.

1. **Mortgages:** FORECLOSURE: ACTION TO RECOVER DEBT: ELECTION. Under the provisions of sections 847, 848, 849, 850, and 851 of the Code of Civil Procedure, which should be construed together, and when so construed show that it was the intention of the law-maker not to allow two actions for the one debt to be pending or prosecuted concurrently in point of time, a creditor whose debt is secured by mortgage may either commence and prosecute to judgment an action at law for the recovery of the amount of the debt, or enforce its payment by means of foreclosure; but, having elected which means he will first adopt and commenced proceedings accordingly, he must exhaust the remedy so chosen before resorting to the other.

2. ———: ———: AUTHORITY TO BRING ACTION FOR DEBT. Where a mortgage debt is secured by the obligation or other evidence of debt of any other person besides the mortgagor, the mortgagee

cannot, during the pendency or after decree rendered in the action to foreclose the mortgage, enforce such obligation or evidence of debt in an action at law, unless authorized to commence such action by the court having jurisdiction of the suit of foreclosure.

3. ———: ———: ———: PLEADING. The lack of authorization to bring such an action is not a defense necessary to be pleaded, but the contrary should be alleged, or at least proved by the plaintiff, as, without such authorization, the action cannot be maintained.

4. ———: ———: ———: PARTIES. A mortgagee, who by indorsing the notes evidencing the debt which a mortgage is given to secure becomes liable for their payment or for the payment of any sum or balance remaining after foreclosure of the mortgage and application of the proceeds of a sale made under the decree upon the indebtedness, is a proper party to an action to foreclose the mortgage, and as such cannot be sued at law for the recovery of the amount of the debt during pendency or after judgment in such foreclosure proceedings without leave obtained of the court having jurisdiction of the action of foreclosure to commence such suit at law.

5. Pleading and Proof. The pleadings and evidence in this case *held* insufficient to sustain the verdict.

ERROR from the district court of Clay county. Tried below before HASTINGS, J.

*J. L. Epperson & Sons,* for plaintiff in error.

*S. W. Christy* and *E. E. Hairgrove, contra.*

HARRISON, J.

The bank, defendant in error, commenced an action against plaintiff in error in the district court of Clay county to recover the sum of $614.47, alleged in the petition to be due it from her as indorser of two promissory notes executed and delivered to her by one Ralph J. Little and indorsed by her and transferred to Fowler and Cowles or order and by them regularly transferred to the bank. In her answer defendant in error admitted the execution and delivery of the notes by Ralph J. Little to her and that she

indorsed and transferred them to the parties alleged in the petition, and denied all other allegations of the petition, and further alleged that Ralph J. Little, at the time of making the notes in suit, also gave her a mortgage upon the west half of the northwest quarter and the north half of the southwest quarter of section 10, town 5 north, range 8 west, in Clay county, Nebraska, to secure the payment of them; that the land was ample security for their payment, being worth the sum of $4,000; that the bank had foreclosed the mortgage on the land, and under and by virtue of an order of the district court of Clay county sold the land September 24, 1888, and at the foreclosure sale purchased the land, but failed and neglected to credit the amount for which the land sold, or any part of it, on the notes secured by the mortgage sued upon in this action, and that the bank received in the land more than the amount of the debt evidenced by the notes; that the bank has not further proceeded against Ralph J. Little, either to avail itself of a deficiency judgment against him in the foreclosure suit or in any other manner, although he is fully able to pay the amount due upon the notes.    There is the further allegation in the answer that these were the notes secured by the mortgage which had been foreclosed and no authority had been granted by the court to the bank to institute this action.    The reply of the bank admitted that the notes had been secured by the mortgage on the land, that it had been foreclosed and the land appraised, advertised, and sold according to law under order of sale issued in the foreclosure suit, and stated that there was a prior mortgage on the land, in payment of which the proceeds were applied, there not being sufficient realized to pay the amount of the debt secured by the prior mortgage; that the land was worth not to exceed $1,200, and brought at foreclosure sale $800, being sold subject to taxes amounting to $72.40; that the amount of the debt secured by prior mortgage at the time of the sale was more than $1,300.    It was admitted that the

bank had instituted no further proceedings than the fore-closure against Ralph J. Little to collect the amount due on the notes, and further stated that Little was a non-resident of the state of Nebraska, and his residence unknown to the bank; that the only service had upon him in the foreclosure proceedings was constructive or service by publication, and that he had not made a personal appearance therein. There was also a general denial of all statements of the answer not admitted in the reply. To try the issues presented a jury was impaneled, and the bank introduced evidence to prove its ownership of the notes in suit by indorsement and transfer to it, confining its evidence solely to this purpose and rested. The record then states:

"The defendants now offer to prove that the mortgaged premises mortgaged to secure these notes were worth the sum of $3,000 and were at the time of the sale of the premises worth $3,000, and also offer to prove that the notes and mortgage which secured the payment thereof were put in the foreclosure suit of the first mortgage and that the total amount of the notes there foreclosed was less than the value of the land.

"Objected to, as incompetent, immaterial, and irrelevant. Sustained. Defendant excepts.

"Defendants further offer to prove that foreclosure proceedings were instituted as set forth in the defendants' answer by the plaintiff, and decree entered and the property sold and no credits placed upon these notes.

"Objected to, as incompetent, immaterial, and irrelevant. Sustained. Exception.

"Defendant further offers to prove that no especial authorization appears of record for the institution of this action and subsequent to the decree of foreclosure mentioned in defendants' answer.

"Objected to, as incompetent, immaterial, and irrelevant. Sustained. Exception taken.

"Defendant rests."

We presume from the record that the jury received no instructions. None appear therein, and there is a statement that "after hearing the evidence adduced" and arguments of counsel, they returned a verdict in favor of the bank in the sum of $704.25. Motion for new trial was filed for plaintiff in error, which was overruled and judgment rendered on the verdict.

One of the contentions made in behalf of plaintiff in error is that the court erred in excluding the evidence offered to prove that no authorization appears of record for the institution of this action, obtained from the court, in which the decree foreclosing the mortgage was entered. This was alleged in the answer as a defense and the offer to prove as herein quoted was made, and, upon objection, refused. The question raised by this assignment of error may be stated as follows : Was it necessary for the defendant in error to obtain leave of the court in which the foreclosure proceedings were prosecuted, before commencing this suit for any amount remaining due on the notes or the whole sum, if nothing was derived from the foreclosure decree to apply in their payment, it being a court of this state and in this particular instance the same court? The answer to this depends upon the meaning, scope, and effect to be given to the provisions of certain sections of our Code of Civil Procedure under the title "Foreclosure of Mortgages by Action." In sections 850 and 851 it is provided that in every petition filed to foreclose a mortgage it must be stated whether any proceedings at law have been had for the recovery of the debt secured by the mortgage or any part of it, and if it appear that a judgment at law has been obtained for such debt or any part of it, no proceedings shall be had in the foreclosure case unless it further appear that an execution has been issued and returned by the proper officer that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution, except the

mortgaged premises. From this it is clear that if the creditor first proceeds at law for the collection of a debt which is secured by mortgage, he must exhaust the remedy at law before he will be allowed to prosecute foreclosure proceedings. Sections 847 and 849 are as follows:

"Sec. 847. When a petition shall be filed for the satisfaction of a mortgage, the court shall not only have the power to decree and compel the delivery of the possession of the premises to the purchaser thereof, but on the coming in of the report of sale, the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law; and for that purpose may issue the necessary execution as in other cases, against other property of the mortgagor."

"Sec. 849. If the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the petition, and the court may decree payment of the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases."

By these two sections it is made possible for the creditor foreclosing a mortgage to combine with the remedy by foreclosure the remedy at law, by what is termed "a deficiency judgment" for the amount of the debt which remains after sale of the mortgaged premises and the application of the proceeds to the extinguishment of the debt secured by the mortgage. Section 848 is as follows:

"After such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court."

By reading and construing these sections together, as they should be, we reach the following conclusions: That if a creditor whose debt is secured by mortgage commences an action at law for the recovery of the debt and obtains judgment, before he can afterwards foreclose his mortgage by suit, he must show that he has exhausted the remedy at law; and if he first begins an action of foreclosure to enforce payment of the debt, inasmuch as he may, in the suit by foreclosure, recover a deficiency judgment against all proper parties who are liable for the payment of the indebtedness for any amount of the debt which the proceeds of the sale of the mortgaged property under the decree are insufficient to meet, then he must, if for any reason they have not been made parties to the foreclosure suit, or for any valid reason he desires to commence an action at law against any one of them, obtain permission so to do of the court before which foreclosure proceedings are pending or were instituted. It seems to have been contemplated by the law-maker in the enactment of these provisions embodied in the sections alluded to that whichever course of procedure the creditor might elect to pursue for the recovery of his debt he should pursue it to the end, and that while either a suit at law or action of foreclosure was in progress, the other should not and could not be, and whichever was first commenced, full relief should be afforded and obtained by it if possible before resorting to the other. The purpose of these provisions is evidently to avoid the two actions being in progress at the same time, and also the double costs and expenses, and to confine the creditor as closely as may be consistent with justice to him and his demands to the one action, and more especially does this seem true of the foreclosure action in which he is allowed to first subject the mortgaged property to the payment of the debt and the further remedy of a deficiency judgment for any balance of the debt remaining unextinguished. The courts of New York have so construed and applied similar sections

or statutory provisions in that state, and have held, in regard to the necessity of being authorized to sue at law after decree in suit by foreclosure,—the section of the statute under consideration being as follows: "After such bill shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court of chancery,"—that "The owner of a debt secured by mortgage who holds an obligation or covenant for its payment or collection, given by a person other than the mortgagor, cannot enforce the obligation by action during the pendency of, or after judgment in, an action to foreclose the mortgage, unless authorized by the court. Also held that the lack of authority to sue was not a defense necessary to be pleaded and proved affirmatively by defendants, but as there was no right of action without the authority, it was for the plaintiff to allege, or at least to prove it, in order to maintain his action." (See *Scofield v. Doscher*, 72 N. Y., 491; *Equitable Life Ins. Society v. Stevens*, 63 N. Y., 341.)

One of the sections of the Code under consideration provides specifically for a deficiency judgment against a mortgagor in an action of foreclosure, but in this case we must determine who are within the authorization contained in section 849, where it states that if the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, such person may be made a party to the petition and a deficiency judgment obtained against such person as well as the mortgagor. Does it include a person who, as in this case, indorses and transfers the note secured by the mortgage, and by the indorsement becomes liable to the holder for its payment? A grantee of the mortgaged premises who assumed or agreed to pay the debt secured by the mortgage, as the whole or part of the consideration for such purchase, may be made a party to an action to foreclose the mortgage, and judgment

for any deficiency may be rendered against him in the action. (*Cooper v. Foss*, 15 Neb., 515; *Rockwell v. Blair Savings Bank*, 31 Neb., 128; *Reynolds v. Dietz*, 39 Neb., 186.)

In New Jersey the statute provides as follows: "It shall be lawful for the chancellor, in any suit for the foreclosure or sale of mortgaged premises, to decree the payment of any excess of the mortgage debt above the net proceeds of the sale, by any of the parties to such suit who may be liable, either at law or in equity, for the payment of the same;" and, in construing the provision in so far as it relates to parties, in the case of *Jarman v. Wiswall*, 24 N. J. Eq., 267, it was held: "A mortgagee who assigns the mortgage and guaranties the debt is a proper party in a suit to foreclose the mortgage and a personal decree may be made against him for any deficiency;" and it was said by the court in the opinion: "The defendant insists that the word 'parties' in that act must be construed to mean necessary parties, and he further insists that a mere guarantor is not a necessary, nor even a proper, party to a suit for foreclosure. I do not think so. A guarantor in such a case is not a necessary party, but he is a proper party. He is interested in the account to be taken in the suit of the amount due on the security, the payment of which he has guarantied. He is interested in the judicial sale in which the proceedings may result; that it shall be lawfully conducted, and that the property shall not be unnecessarily sacrificed." (See *Curtis v. Tyler*, 9 Paige Ch. [N. Y.], 432; *Jones v. Stienbergh*, 1 Barb. Ch. [N. Y.], 250; *Luce v. Hinds*, Clarke, Ch. [N. Y.], 317; *Sauer v. Steinbauer*, 14 Wis., 76; *Equitable Life Ins. Society v. Stevens, supra; Scofield v. Doscher, supra; Burdick v. Burdick*, 20 Wis., 367.) See, also, *Bristol v. Morgan*, 3 Edw. Ch. [N. Y.], 142, where it was stated that, regardless of statutory provisions, a mortgagee who assigns the mortgage and guaranties its payment is a proper party to an action to foreclose it. With reference to an indorser of a note secured by mortgage being made a

party to the foreclosure suit see *Eastman v. Turman*, 24 Cal., 380. We conclude that, under the provisions of our Code with reference to foreclosure actions, the indorser of a note or notes secured by mortgage, having become liable, by the indorsement and transfer, for the payment to the holder of the whole amount of the debt evidenced by the note, or any sum remaining due thereon after the sale of the mortgaged premises and application of the proceeds to its payment, if not a necessary party to an action to foreclose the mortgage, is a proper party and may be made a party, and judgment rendered against such indorser therein for any such deficiency; and this being true, it follows that in order to bring suit at law against the indorser of a note secured by mortgage during pendency of a suit to foreclose, or after decree therein, the creditor must comply with the requirements of section 848 and obtain leave of the court having jurisdiction of the foreclosure suit to commence the action at law. This was not done, so far as the record discloses, in the case at bar, and as the issues were joined the plaintiff in error had assumed the burden of proving that it had not been done and should have been allowed to do so. But aside from this the defendant in error, in the reply, admitted the beginning of the foreclosure proceedings and decree obtained therein; and no authorization, by the court, of the institution of the suit of law is either pleaded or appears from the testimony, and hence the pleadings and proof are insufficient to sustain the verdict rendered and the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.