J. S. GRABLE V. R. WALTER BEATTY.

FILED NOVEMBER 17, 1898.    No. 8464.

1. **Action on Note Secured by Mortgage.**  The holder of a note, which
   is secured by a mortgage, may maintain an action at law on the
   note, where neither note nor mortgage contains stipulations
   making the mortgaged property primarily liable for the debt.

2. ————.  In the absence of an agreement by a mortgagee to look
   primarily to his security for satisfaction of the debt, a foreclos-
   ure of the mortgage is not a condition precedent to an action at
   law on the secured claim.

ERROR from the district court of Gage county.  Tried
below before STULL, J.  *Affirmed.*

*George R. Chaney* and *H. D. Walden,* for plaintiff in
error.

*E. O. Kretsinger* and *F. B. Sheldon, contra.*

SULLIVAN, J.

This was an action by Beatty against Grable, in the
district court of Gage county, upon the following instru-
ment:

"On the first day of May, A. D. eighteen hundred and
ninety-four, for value received, we promise to pay to the
order of Horace P. Green the principal sum of one
thousand dollars, lawful money of the United States of
America, with interest thereon at the rate of seven per
cent per year, from April 17, 1889, until maturity, pay-
able semi-annually according to the tenor of ten interest
notes, one being for thirty-seven and 50-100 dollars, and

nine each for thirty-five dollars, bearing even date here-with, both principal and interest notes payable at the Charter National Bank of Media, Pennsylvania (with ex-change on New York). And if default be made in the payment of any of said notes so secured, or any part of them, as the same mature, for the space of thirty days, or if the maker of this note and interest notes attached hereto shall allow the taxes or any other public rates and assessments on the property, or any part thereof, given as security for the aforesaid notes to become de-linquent, or shall do any act whereby the value of said mortgaged property shall be impaired, then upon the happening of any of said contingencies the whole amount herein secured shall at once be and become due and pay-able at the election of the holder of the note, his heirs or assigns, and the mortgagee, his legal representatives or assigns, may proceed at once to collect this note and foreclose the mortgage given to secure said note and sell the mortgaged property to satisfy said debt, interest and costs, and taxes, public rates or assessments that may be due thereon which shall be secured by mortgage and also included in judgment in such foreclosure. These notes are secured by mortgage of even date herewith, duly recorded in Gage county, of the state of Nebraska. This note bears interest at the rate of ten per cent per year, payable half-yearly after maturity. All right of homestead is hereby waived.

"Dated at Beatrice, state of Nebraska, on the seven-teenth day of April, 1889.        J. S. GRABLE.

"J. L. TAIT.

"Attest:

"A. L. GREEN."

The plaintiff recovered judgment, and the defendant, by this proceeding in error, brings the record here for review.

Grable sought, both by motion and answer, to have the action transmuted into a suit to foreclose the mortgage given to secure the note above set out. He now con-

tends that the two instruments are separate parts of a
single, indivisible contract, and that their provisions are
so blended and interdependent that an action cannot be
maintained upon the note alone. We cannot assent to
this proposition. The note unconditionally binds the de-
fendant for the payment, at a fixed time, of a definite
sum of money. Subordinate provisions authorize the
payee, under certain circumstances, to accelerate the
maturity of the obligation, and then to collect it. By
the express terms of his contract the defendant became
personally and absolutely liable for the payment of
$1,000, together with the interest accrued thereon.
Neither in the note nor in the mortgage is there found
any stipulation making the mortgaged premises prima-
rily liable for the payment of the debt. The plaintiff
might have resorted to his security in the first instance,
but he was under no contract obligation to do so. In the
absence of special circumstances, there can be no doubt
of the right of a creditor, whose claim is secured by mort-
gage, to recover a judgment at law without having first
exhausted his remedy by foreclosure. (*Meehan v. First
Nat. Bank*, 44 Neb. 213; *Hargreaves v. Menken*, 45 Neb.
668; Code of Civil Procedure, secs. 848, 850, 851.) The
defendant, however, contends that it stands admitted in
the record that the mortgagee agreed to resort primarily
to the security for satisfaction of his claim. This con-
tention is based on the fact that the court sustained a
demurrer to Grable's answer, in which, after pleading
various provisions of the mortgage, he alleges: "That in
consideration of said special stipulations and agreements
so made and entered into by the said defendants, the
said Horace P. Green then and there agreed to and with
the said defendants to accept a conveyance of the said
real estate, and look to the said real estate for the pay-
ment of said note and the interest thereon, and agreed
that if default be made in the payment of said note, in-
terest, or taxes, or either of them, or upon a breach in
the conditions of said note or mortgage, he would fore-

United States School-Furniture Co. v. School District.

close the mortgage on said real estate under and according to the laws of the state of Nebraska, and sell the same, to pay said debt, all of which the plaintiff well knew when he purchased said note, as shown by said special stipulations so accepted by him, from said Green." By the foregoing allegation it was evidently the intention of the pleader to state a conclusion deduced by him from the facts antecedently averred. Those facts do not sustain his conclusion. The mortgagee did not agree to look to the mortgaged property for satisfaction of his claim, and the plaintiff, who is indorsee and owner of the note, could not lawfully be required to change his form of action into a suit to foreclose the mortgage. The judgment is right and is

AFFIRMED.