SEARLE & CHAPIN LUMBER COMPANY, APPELLANT, V. M. F. JONES ET AL., APPELLEES.

FILED JANUARY 23, 1908.   No. 15,056.

1. **Mechanics' Liens:** EVIDENCE. The verified account filed for the purpose of securing a mechanic's lien for material furnished in the erection of a building is no evidence of the delivery of the material or the state of delivery.

2. **Evidence** examined, and *held* insufficient to show the delivery to defendants of certain material.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Flansburg & Williams,* for appellant.

*Hall, Woods & Pound, contra.*

DUFFIE, C.

In 1903 M. F. Jones entered into a contract with J. A. Watson to erect for her a dwelling house on lot 8, in block 9, Capitol addition to the city of Lincoln. The plaintiff, the Searle & Chapin Lumber Company, is engaged in the retail lumber business, and furnished Watson the material used in the construction of the Jones dwelling. The last item charged in the account was on September 14, 1903, and consisted of 16 pieces of quarter-sawed oak flooring. The item preceding this last charged was made on September 2, 1903, and plaintiff's claim for a lien was filed November 12 of that year. Suit was brought to foreclose the lien, and the defense made was that the claim for a lien had not been filed within 60 days from furnishing the last material. The defendants assert that the flooring charged under date of September 14 was not delivered.

The district court dismissed the plaintiff's petition, and it has appealed, asking a reversal of the judgment.

One D. E. Green was manager of the plaintiff's yards at the city of Lincoln. He testified that 16 pieces of flooring were sent to the lot upon which the building was being erected, on September 14, 1903, on the order of Watson, the contractor. The driver was furnished with two tickets containing the items to be delivered. One of these he presented to the contractor or other person in charge of the work, who receipted the same, and the driver returned this receipted ticket to the office of the company, where the ticket was used in charging the material described therein to the party to whom delivery was made. C. I. Jones, husband of M. F. Jones, was present at the building when the driver arrived with the flooring. He testified that he is the husband of M. F. Jones, the owner of the premises on which the house was built; that J. A. Watson was the contractor for the building of the house; that he was at the house at the time the lumber was sent out on the 14th; that no part of it was taken from the wagon; that he signed the receipt "exhibit 2"; that the driver came into the building with a ticket, while the wagon stood on the opposite side of the street; that some pieces of lumber were taken from the house and piled on the wagon, and the whole load was then returned to appellant's yard; that the lumber sent out that day was rejected because it was not kiln-dried; that no flooring was used in the house that was not kiln-dried at the N street mill; that this lumber came from the yard, and was not kiln-dried, and Watson told the driver to take it back; that just previous to this he had a conversation with Watson in regard to using the kiln-dried lumber in the dining room, and the lumber on the wagon was not kiln-dried, and for that reason was sent back; that he knows positively of his own knowledge that none of the lumber sent out on the 14th was delivered at the house or on the premises, or even unloaded from the wagon. Jones further testifies that the driver left his team in the street, and

brought the ticket into the house and he signed it, but he could not say whether Watson instructed him to sign it; that not taking up the receipt he had signed was an oversight; that he knows the lumber was hauled away, together with some other material taken from under the porch of the house and loaded on the wagon; that he saw the lumber taken away. Green, the manager, only knows that the flooring was taken from the yard by the driver for delivery at the Jones place, and that the driver returned the receipted ticket, from which the charge was made, but he does not pretend to have any personal knowledge of the delivery of the lumber. In this condition of the case, we think the court was right in accepting the positive evidence of one who was present and knew the facts. So far as appears from the record, the only persons who had personal knowledge of the disposition made of the flooring were Mr. Jones and the driver of the wagon. The latter was not used as a witness, and Jones' evidence is contradicted only by the fact that he allowed his receipt for the flooring to be returned to the office of the lumber company by the driver. That the bookkeeper should charge this item to Watson on the return of the receipt is natural, and a strong presumption in favor of the delivery of the lumber arises from the return of the receipt; but we do not think that it can prevail over the direct and positive evidence of Jones. The charge entered in the books of the company is no proof that the flooring was delivered. If these 16 pieces had been delivered and accepted by the contractor, or other party in charge at the building, the date for filing a lien would date from such delivery, but if no delivery was made, if, as seems most probable from the evidence, the flooring was not accepted, but was returned, then it is evident that there could have been no delivery, and the time for filing a lien would date from the last charge preceding this, which was more than 60 days prior to the filing of the lien.

We recommend an affirmance of the judgment of the district court.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.