J. B. WATKINS & COMPANY, APPELLANT, V. FRANK
KOBIELA ET AL., APPELLEES.

FILED MAY 7, 1909.   No. 15,673.

1. Mechanics' Liens: MATERIALMEN.  A materialman who, in good
   faith, furnishes material to a contractor, which is delivered to
   one of the owners upon the premises where the building is in
   course of construction, and upon representations' by the con-
   tractor that the material so furnished is to be used in the con-
   struction of such building, is protected in the filing of his item-
   ized and verified account of material so furnished for 60 days
   from the delivery of the last item furnished, and the filing and
   recording thereof in the proper office establishes his lien.

2. ———: GOOD FAITH: EVIDENCE.  The evidence examined and dis-
   cussed in the opinion *held* to establish the *bona fides* of the ma-
   terialman in the sale to the contractor and delivery of building
   material to the owner of the premises involved in the suit.

3. Fraud is never presumed.  Its existence must be clearly established
   by competent proof.

4. Contracts: CONSTRUCTION.  Statutes, with reference to which con-
   tracts are made, enter into and become part of the contract.
   *Sessions v. Irwin*, 8 Neb. 5.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE.  *Reversed with directions.*

*William R. Patrick*, for appellant.

*A. H. Murdock*, contra.

DEAN, J.

This is an appeal from Douglas county, wherein the
plaintiff, in pursuance of chapter 54, Comp. St. 1907,
sought to foreclose a mechanic's lien upon property
owned by the defendants Joseph Vachal and Anna Vachal,
his wife.  The defendant Frank Kobiela is a contractor
who purchased the building material from the plaintiff and
erected the building upon the property in question for his
codefendants.

The petition states, in substance, that the plaintiff in

September, 1904, entered into a verbal contract with Kobiela, a contractor acting for his codefendants, to furnish lumber and building material for the erection of a store building for Joseph Vachal and Anna Vachal on property owned by them in Douglas county; that between September 22, 1904, and January 24, 1905, the plaintiff, in pursuance of the contract with Kobiela, furnished to the Vachals building material which was used in the erection of a store building upon the premises then owned by them; that on March 21, 1905, the plaintiff made and recorded an itemized account, duly verified, in the register of deeds' office of Douglas county, claiming a mechanic's lien on the premises for a balance due upon the material furnished in the sum of $356.91.

Joseph Vachal and his wife, Anna, filed a joint answer consisting of a general denial, but admitting the ownership of the property, and alleging they entered into a contract with their codefendant Kobiela for the erection of a building on the property in dispute, and that on January 11, 1905, they paid him the balance due on the contract. Kobiela filed no answer, but was defaulted, and a personal judgment was rendered against him for $390.23. The action was dimissed as to the Vachals, and from the judgment of dismissal plaintiff appeals.

The undisputed proof shows the last delivery of material upon the Vachals' premises by plaintiff prior to January 24 was on November 30, 1904, and that the verified and itemized statement of material furnished by plaintiff was filed for record March 21, 1905, so that the validity of the lien depends upon the delivery of material for the building on January 24, 1905. On the part of plaintiff, J. B. Watkins, one of the partners, testified that on January 24 Kobiela came in person to the plaintiff's place of business and ordered for use upon the Vachals' building 12 feet of sash sticking of less value than $1 and that plaintiff delivered it upon the premises of the Vachals the same day. Watkins' testimony is corroborated by W. H. Beckett, salesman and bookkeeper for

plaintiff, who testified on cross-examination that, when Kobiela came to plaintiff's office and ordered the sash sticking on January 24, he told witness "that he could not settle with Mr. Vachal until he had made that sash and put it in." Beckett also testified that on the same occasion he saw the delivery ticket, which is attached to the record as an exhibit, taken by the plaintiff's teamster, Herman Williams, preparatory to the latter's departure for the Vachal premises to deliver the item in question, and that he saw the ticket the same day when it was returned to the office by the teamster as a receipt for the material, with the name of Joseph Vachal written thereon. Herman Williams, the teamster, testified that on January 24 he delivered the strip of sash sticking for plaintiff at the Vachal building, and that the delivery ticket was receipted in the name of Joseph Vachal by a woman, elsewhere shown to be Anna Vachal, who was in the store and in charge of the premises at the time. The testimony of Mrs. Vachal corroborates that of Williams in regard to the delivery of the sash sticking and the signing of the delivery ticket. Watkins' testimony is also corroborated by Kobiela, in regard to the item that was sold and delivered on January 24, by reference to exhibit 43, which is a bill made out by the plaintiff under date of March 1, 1905, and which contains a summary of a bill previously rendered and sundry items of material sold to Kobiela and delivered to the Vachals for use in the erection of their store building. Among the items enumerated in the bill is the following "1905. Jan. 24. T. 201 12 ft. sash sticking $.30." At the bottom of this bill appears the following language: "Above account is correct. O. K. Frank Kobiela." Kobiela's attention was called to this exhibit, and he testified the signature was his own, and when asked, "Who made the 'O. K.' on there," he answered, "It looks like my writing." It is thus seen Watkins' testimony upon a vital point is substantiated by four witnesses, two of whom are defendants and both hostile to plaintiff.

The Vachals defend on the ground of bad faith existing between plaintiff and Kobiela in regard to the furnishing of sash sticking, and a considerable part of the record is appropriated by them to establish this defense. They undertake to show the lien is invalid because it was not recorded within 60 days after November 30, 1904. For this purpose they produce as their own witness their codefendant Kobiela, the contractor, who testified that himself and the plaintiff, by J. B. Watkins, entered into an agreement for the purpose of extending the time in which the itemized account for material furnished could be recorded by plaintiff so as to create a lien upon the Vachal property, and they attempt to prove that the sash sticking that was ordered by Kobiela on January 24, and delivered the same day on their premises by plaintiff, was so ordered and delivered for this purpose; but the record cannot be so construed, nor can this theory of the defense be maintained. *Marrener v. Paxton,* 17 Neb. 634; *Foster v. Dohle,* 17 Neb. 631; *Irish v. Pheby,* 28 Neb. 231. No reason existed on January 24 for an extension of the time for filing the itemized account. It is undisputed that the last item furnished prior to January 24 was delivered on November 30, 1904, and the 60 days given by the statute in which to record the itemized account did not expire until 60 days after that date. The record thus shows an entire absence of motive on the part of Watkins to enter into such agreement with Kobiela on January 24. On that date almost a week remained before the expiration of the time provided by law in which to record the statement in the proper office. To hold that Watkins chose the dishonorable course outlined in Kobiela's testimony, instead of the natural and less difficult one of directing an employee to prepare and to have recorded an itemized account of material furnished for the Vachal building, in the simple but effective manner provided by the statute, is to disregard the common knowledge and experience of men. Kobiela testified that he had a final settlement with the Vachals, and that he received final payment from

them in the first or second week of January.   Mrs. Vachal
testified that the date of the final payment and settlement
with Kobiela was on January 11, on which date she paid
him the balance due under the contract.   But in the face
of his own and of Mrs. Vachal's statement on the point
of final settlement, Kobiela testified that on January
24, almost two weeks after he had been paid in full, on
the occasion of his presence at the office of plaintiff when
he ordered the sash sticking, he entered into an agreement
with Watkins at the latter's instigation to unlawfully
evade the provisions of the mechanics' lien law, and he
testified that in pursuance of such agreement the follow-
ing conversation took place between Watkins and himself:
"Q. What did you tell him?   A. Well, Mr. Watkins told
me in the first place that we had got to do something
with the Vachal bill because the time was expired. 'Well,'
I says, 'the only thing you can do is to get something over
there,' and Mr. Watkins says, 'What will it be.'   I says,
'I don't know of a thing unless we can order something
there, a piece of sash sticking or some kind of molding';
and that is all.   Q. That is all that occurred?   A. Yes,
sir; that is all that occurred there.   Mr. Watkins sug-
gested we would have to do something, and sent a piece
of sash sticking that day."   The following appears in the
record of Kobiela's cross-examination by plaintiff's coun-
sel: "Q. Then you want to be understood as saying that
you went to Mr. Watkins, and you and he agreed that, for
the purpose of securing Mr. Watkins a lien upon the
Vachal premises for the balance due him, you put up a
job on the Vachals to deliver this lumber there.  Is that
the way you want to be understood?   A. Practically."

   The testimony of Kobiela shows that he is endowed
with an eager willingness, and upon slight provocation,
to create or to enter into any scheme that occasion may
offer for the purpose of getting the better of his fellow-
man; but it appears to us that the unlawful scheme con-
cerning which he testified as having been agreed upon
between himself and Watkins was not even presented to

the latter by Kobiela. The entire plan appears to have been a mere figment. As it will serve no good purpose in the disposition of this case, we decline to extend this opinion further in the fruitless task of discussing Kobiela's testimony on this point. It is a familiar rule that the perpetration of fraud is never presumed, but must be clearly established by competent proof. In their attempt to prove the commission of fraud by plaintiff, the defendants have miserably failed. The district court in its decree in express terms made "no finding * * * as to the existence or otherwise of any fraudulent agreement between the plaintiff * * * and Kobiela respecting the delivery of the * * * '12 feet of sash sticking' * * * on January 24, 1905." From this we conclude the trial court was not favorably impressed by the testimony of any of the defendants upon this point. Kobiela is contradicted by Watkins and Beckett in regard to the conspiracy, and he is discredited by the entire record and shown to be a witness whose uncorroborated testimony is of doubtful value, if indeed it ought at all to be considered.

Defendants' counsel argues that appellant received money from Kobiela that was paid to him by the Vachals, and that it was applied by plaintiff to Kobiela's credit for lumber on other buildings which he was then constructing, and in support of this point the testimony of Kobiela is cited. Notwithstanding the unsatisfactory character of Kobiela's testimony, we have examined carefully that part of it referred to upon this point, and to the mind of the court it does not bear the construction thus placed upon it. Kobiela's attention was called, on redirect examination, to certain checks received by him from the Vachals, and was asked if he knew what part, if any, of these checks was paid to Mr. Watkins, and he answered that he didn't know, but he expressly says, when asked if a part of the Vachal money was paid to Watkins on other jobs, "I would not say that. It might. I believe I paid some money out of this, out of Vachals'

money, on another job * * * to Mr. Watkins." And, when he is asked how much, he answers that he does not remember, but that he believes he has some papers or checks with him by which he can discover how much of the Vachal money was paid to Watkins. It then appears from the record that he examined a receipt for $97, and says concerning it: "I don't remember whether this was out of Vachals money or not, but it was about that time I got money from the Vachals."

From all the evidence we conclude the plaintiff furnished the material for the erection of the store building on the Vachal premises in entire good faith and is entitled to the establishment of its lien in accordance with the prayer of its petition. It is a familiar rule that, where a contract is entered into between parties with reference to an existing statute, such statute thereby becomes a part of the contract. *Sessions v. Irwin*, 8 Neb. 5.

The Vachals attempt to show that the plaintiff misled them and permitted them to make final settlement with their codefendant Kobiela without a proper effort on its part to protect them in payments made to the latter; but there is lacking a motive on the part of plaintiff thus to mislead them, except upon the theory of the existence of an unlawful agreement between Kobiela and plaintiff, and this we have seen is without foundation. Defendant's counsel cites *Searle & Chapin Lumber Co. v. Jones*, 80 Neb. 567, but the opinion does not support his argument.

From a careful examination of the entire record, we are at a loss to discover the theory upon which the learned trial court dismissd the action as to the defendants Joseph and Anna Vachal. The judgment, therefore, dismissing the action as to them is reversed and the cause remanded, with directions that the lien of plaintiff upon the premises of the Vachals, which are described in the decree, be established in accordance with the prayer of the petition, and for the amount, bearing interest, for which judgment was rendered by the trial court against

Kobiela, in harmony with the views expressed in this opinion and in accordance with law.

JUDGMENT ACCORDINGLY.