FEDERAL FARM MORTGAGE CORPORATION, APPELLEE, V. FRANK B. HUGHES ET AL., APPELLANTS.

289 N. W. 866

FILED JANUARY 26, 1940. No. 30722.

*A. R. Oleson,* for appellants.

*Moodie & Burke, Philip M. Wellman* and *Franklin L. Pierce, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is an action at law commenced in the district court for Cuming county on a promissory note dated September 13, 1934. The note provided for payment of $2,300 and interest at the rate of 5 per cent. per annum on the unpaid debt, the principal being payable in 20 semi-annual instalments of $115 each, the first maturing January 1, 1938, and the last July 1, 1947, but all to become due and payable by election of the holder upon default in payment of interest or of any instalment.

The note on its face is payable to "Land Bank Commissioner, acting pursuant to part 3 of the Act of Congress known as the 'Emergency Farm Mortgage Act of 1933,' at

his office in the city of Omaha." It is alleged in the petition that the Federal Farm Mortgage Corporation is the holder of the note. Plaintiff alleges further:

"It is a corporation, duly organized and existing under an Act of Congress, more particularly known as the Federal Farm Mortgage Corporation Act (12 U. S. C. Sec. 1020 *et seq.*) and that the principal place of business and office of the plaintiff is located in the city of Washington, District of Columbia; that the Land Bank Commissioner is an office of the Farm Credit Administration, an executive and administrative agency of the government of the United States of America, which office was created by Sec. 3 of the Federal Farm Loan Act (12 U. S. C. 653), said office at that time being known as the office of the Farm Loan Commissioner and per executive order of the President of the United States of America, 6084, this office was transferred from the treasury department of the United States to the Farm Credit Administration. The name of the office · of the Farm Loan Commissioner was changed to that of the Land Bank Commissioner by Sec. 80 of the Farm Credit Act of 1933 (12 U. S. C. 638-a) and all the duties previously conferred upon the incumbent of the office by the Emergency Farm Mortgage Act of 1933 were made subject to the terms and conditions of executive order #6084, by Sec. 80 (a) of the Farm Credit Act of 1933 (12 U. S. C. 637)."

Frank B. Hughes and Mary E. Hughes, defendants, procured the loan and executed and delivered the note. Under an attachment issued by the clerk of the district court, the sheriff seized for the benefit of plaintiff property of defendants who were non-residents of Nebraska.

Defendants assailed the petition by demurrer; moved to dissolve the attachment; pleaded payment, unconstitutionality of the federal statute authorizing the loan, and alleged that plaintiff is not the real party in interest. The reply to the answer was a general denial.

The district court overruled the demurrer and the motion to quash the attachment and upon a trial of the cause gave the jury a peremptory instruction in favor of plaintiff.

From judgment on the directed verdict for unpaid debt and interest amounting to $2,562.11, defendants appealed.

The petition conformed to the statutory rule which provides that, in an action on a promissory note, it shall be sufficient to produce a copy of the instrument, with all the credits and indorsements on it, and to state that there is due thereon to plaintiff from defendant, the maker, a specified sum which is claimed with interest. Comp. St. 1929, sec. 20-837. The petition alleged the corporate capacity of plaintiff; the execution and delivery of the note by defendants; ownership by plaintiff; amount of unpaid debt and interest; default in payment of interest and in payment of instalment due January 1, 1938; election maturing entire debt on account of the defaults; copy of note and indorsements thereon as part of the petition which shows its sufficiency under the statutory rule of pleading. Error in the overruling of the demurrer has not been found.

An assignment of error challenging the overruling of the motion to quash the attachment is also without merit. A Nebraska statute provides that, in a civil suit for the recovery of money, property of a nonresident defendant may be attached at or after the commencement of the action. Comp. St. 1929, sec. 20-1001. As already explained, a valid unpaid claim for money due from defendants to plaintiff is pleaded in the petition. The affidavit and order for the attachment and the return of the sheriff are not in the record for review, but the writ of attachment recites that the necessary affidavit was made. The answer of defendants to the petition shows that defendants are nonresidents. On appeal, the proceedings in the district court are presumed to be free from error, in absence of a record affirmatively showing the contrary. A valid claim and a ground for the attachment are definitely shown without disclosing error.

Defendants contend that foreclosure of a mortgage was the remedy authorized by the note to enforce payment of it in the event of default and consequently that the action at law is not maintainable. The law applicable to this contention was formerly stated as follows:

"The holder of a note, which is secured by a mortgage, may maintain an action at law on the note, where neither note nor mortgage contains stipulations making the mortgaged property primarily liable for the debt.

"In the absence of an agreement by a mortgagee to look primarily to his security for satisfaction of the debt, a foreclosure of the mortgage is not a condition precedent to an action at law on the secured claim." *Grable v. Beatty,* 56 Neb. 642, 77 N. W. 49.

Plaintiff is not seeking any relief under a mortgage. Neither the mortgage to which the note refers nor a copy thereof is in the record. Its terms as to remedy, if any, are not disclosed. The note itself does not contain a stipulation making mortgaged property primarily liable for the debt. It follows that a defense on this ground is not disclosed by the record.

Another contention to defeat a recovery on the note is that plaintiff failed to prove its allegations relating to the powers and duties of the "Land Bank Commissioner," payee, and of the "Federal Farm Mortgage Corporation," plaintiff, under the acts of congress and the executive order cited in the paragraph hereinbefore quoted from the petition. The futility of this contention is shown by the rule that Nebraska courts may take judicial notice of federal statutes and of proclamations of the president. *National Supply Co. v. Chicago & N. W. R. Co.,* 108 Neb. 326, 187 N. W. 917. These sources of power, cited in the petition, show authority for the loan in controversy and for the transfer of the note to plaintiff, including its right to sue thereon.

Federal enactments invoked by plaintiff to maintain its action at law on the note are denounced by defendants as unlawful and void on the ground that the federal government has no power under the Constitution to go into the business of lending money to private individuals for private purposes having no connection with any governmental function.

Defendants, having invoked the acts of congress to procure the loan, are not in a position to question the validity

of those acts for the purpose of evading repayment of the money thus borrowed. *LaBorde v. Farmers State Bank*, 116 Neb. 33, 215 N. W. 559.

Payment was pleaded as a defense, but not proved. The evidence shows that defendants had other federal loans secured by mortgages on different farms owned by them. Several payments had been made, but their application to plaintiff's note herein were not shown, except as indorsed on the note itself and credited on the debt evidenced by the judgment. Where payment is pleaded by defendants as a defense to an action on a promissory note executed by them and delivered to payee, the burden is on them to prove they paid the debt to the holder of the note or to an agent authorized to receive payment.

The assignments of error presented by the brief and argued at the bar have been examined and considered without finding an error prejudicial to defendants.

AFFIRMED.