FEDERAL FARM MORTGAGE CORPORATION, APPELLEE, V. WILLIAM J. THIELE, APPELLANT.

290 N. W. 471

FILED MARCH 1, 1940. No. 30654.

*Wagner, Wagner & Albert,* for appellant.

*Walter, Flory & Schmid, Philip M. Wellman, William W. Graham* and *Franklin L. Pierce, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

Plaintiff brought this action at law on a promissory note for $1,500, dated May 22, 1934, and secured by a real estate mortgage. The cause was tried to the court, judgment rendered in favor of plaintiff, and defendant appeals.

Defendant in his answer alleges that the note was secured by a real estate mortgage; that defendant owned the real estate at the time the note and mortgage were executed and delivered; that plaintiff is not entitled to sue on the note because such a proceeding is an indirect proceeding to satisfy the mortgage, and the plaintiff is limited in its relief to possession of the real estate. The second defense is that plaintiff had agreed with defendant to look solely to the real estate for the satisfaction of the debt.

Appellant contends the court erred in holding that the holder of a note secured by a real estate mortgage, executed after the deficiency law (Laws 1933, ch. 41) became effective, may maintain suit upon such note.

Section 1, ch. 41, Laws 1933 (Comp. St. Supp. 1937, sec. 20-2141) provides: "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power *only* to decree and compel the delivery of the possession of the premises to the purchaser thereof." (Italics ours.)

Appellant's contention is that the word "only" appearing in said section provides the only remedy for satisfaction of a mortgage in Nebraska, and the suit on the note, secured by a real estate mortgage, is a proceeding to satisfy that

mortgage; that this provision of the statute limits the mortgagee to the sale of the mortgaged property. In furtherance of this contention appellant states: "The law in force where a contract is made is as much a part of the contract as if it were expressed therein," citing *Watkins & Co. v. Kobiela*, 84 Neb. 422, 121 N. W. 448; 13 C. J. 560; 12 Am. Jur. 14, sec. 386; that, therefore, the contract is that the debt shall be satisfied by the sale of the real estate securing it, and that the only remedy is the right to sell the real estate and deliver possession.

The case of *Seieroe v. First Nat. Bank of Kearney*, 50 Neb. 612, 70 N. W. 220, is cited by appellant on the proposition of law that agreements to look to security alone are valid, which, for the purposes of this case, would mean that the law relating to deficiency judgments, in effect at the time of the signing of the note in question, secured by a real estate mortgage, governs and becomes a part of the contract between the mortgagee and the mortgagor, wherein, by such law, the mortgagee is to look to the land only for the payment of the debt. The cited case was an action on a promissory note secured by a real estate mortgage containing this clause: "But no general execution shall issue herein against the maker or indorser of said note, but the mortgagee, or his assigns, shall be entitled to immediate possession of the premises * * * and shall take the same in full satisfaction of said debt;" that is, upon failure of the mortgagor to comply with the conditions of the mortgage for nonpayment of interest or taxes; and the court held such clause "to exempt the makers and indorsers of the note from personal liability thereon, and to restrict the remedy of the holder of the mortgage security."

It will be readily ascertained that the clause quoted is a direct agreement between the parties, stating definitely in what manner they would be bound, and presents a clear distinction between the *Seieroe* case and the one at bar, for the reason that in the instant case there was no such agreement between the mortgagee and the mortgagor at the time of the execution and delivery of the note secured by the

real estate mortgage, and the construction of a statute was not involved.

The case of *Grand Island Savings & Loan Ass'n v. Moore,* 40 Neb. 686, 59 N. W. 115, is of no assistance to the appellant for the proposition of law claimed. In that case the mortgage contained a provision permitting the mortgagee to elect to collect the whole amount due on the happening of a contingency, and to authorize the mortgagee, on the happening thereof, to proceed not only to foreclose the mortgage, but to enforce personal liability on the note. This constituted an agreement between the mortgagee and the mortgagor and likewise did not involve the construction of a statute.

In the case of *Kennedy v. Hungerford,* 110 Neb. 22, 192 N. W. 959, at the time the note and mortgage were executed the payee agreed with the maker that he should not be liable personally on the note until the remedy provided by the mortgage against the land had been exhausted. It was therein held that, "as between the original parties such an agreement, if adequately proved, would abate the action upon the note until the condition of the agreement had been fulfilled." The court in the opinion stated: "Of course, in the absence of such an agreement there is no obligation upon the part of the mortgagee to foreclose the mortgage before beginning an action at law upon the note which it is given to secure." Citing *Grable v. Beatty,* 56 Neb. 642, 77 N. W. 49, and *Meehan v. First Nat. Bank of Fairfield,* 44 Neb. 213, 62 N. W. 490.

This court has held that a creditor whose debt is secured by a real estate mortgage may, at his election, sue at law or foreclose the mortgage. In *Grable v. Beatty, supra,* it was held:

"The holder of a note, which is secured by a mortgage, may maintain an action at law on the note, where neither note nor mortgage contains stipulations making the mortgaged property primarily liable for the debt.

"In the absence of an agreement by a mortgagee to look primarily to his security for satisfaction of the debt, a fore-

closure of the mortgage is not a condition precedent to an action at law on the secured claim."

See, also, *Federal Farm Mtg. Corporation v. Hughes, ante,* p. 454, 289 N. W. 866; *Federal Farm Mtg. Corporation v. Cramb, ante,* p. 553, 290 N. W. 440. The distinction is therefore clear. In the instant case, it is true, chapter 41, Laws 1933, the deficiency judgment law, was in effect when the note was executed. However, there was no agreement by which the mortgagor and the mortgagee declared that the latter would look only to the real estate for the satisfaction of the loan, and, as will be explained later in this opinion, the legislature, by the passage of chapter 41, Laws 1933, did not deprive the mortgagee of the right to proceed at law on the note. To determine this question we now construe the following sections of the statute referring to foreclosure of real estate mortgages.

Section 20-2139, Comp. St. 1929, provides for the filing of a petition for foreclosure and satisfaction of a mortgage in the district court. Section 20-2140, Comp. St. 1929, provides that, when a petition for the foreclosure and satisfaction of a mortgage is filed, "the court shall have power to decree a sale of the mortgaged premises, or such part thereof as may be sufficient to discharge the amount due on the mortgage, and the cost of suit." Section 20-2142, Comp. St. 1929, provides: "After such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." This provision of the statute shows that a proceeding at law on the note, for which the real estate mortgage is collateral security, is referred to and clearly indicates that such action at law cannot be brought if a petition has been filed for the foreclosure of the mortgage except and unless authorized by the court. Section 20-2144, Comp. St. 1929, provides: "Upon filing a petition for the foreclosure or satisfaction of a mortgage, the complainant shall state therein whether any proceedings have been had at law for the recovery of the debt

secured thereby, or any part thereof, and whether such debt, or any part thereof, has been collected and paid."

Particular attention is called to the language quoted above, "the complainant shall state therein (in the petition for foreclosure of the mortgage) whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof," which clearly indicates that an action at law on the note may be had, and if such law action has been started, or any proceedings relative thereto, the petition foreclosing the mortgage must so state. The legislature could have meant only one thing by this provision of the statute, viz., that a proceeding may be had at law on the promissory note,—the direct promise to pay the debt.

Section 20-2145, Comp. St. 1929, provides: "If it appear that any judgment has been obtained in a suit at law for the money demanded by such petition, or any part thereof, no proceedings shall be had in such case, unless, to an execution against the property of the defendant in such judgment, the sheriff or other proper officer shall have returned that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution except the mortgaged premises." The foregoing provision is self-explanatory.

The language contained in chapter 41, Laws 1933, is plain, clear and unambiguous. The legislature amended section 20-2141, Comp. St. 1929, by deleting therefrom so much of the section as empowered district courts to decree deficiency judgments in mortgage foreclosures after confirmation of sale. The act eliminated one of two remedies for collection of any deficiency remaining after foreclosure of the mortgage debt. Section 20-2142, Comp. St. 1929, was not repealed or amended by chapter 41, Laws 1933, and was left intact.

Sections 20-2142, 20-2144, and 20-2145, Comp. St. 1929, providing for the contingency of the creditor electing to sue on the note (debt) were left intact. There is no conflict, in the face of its plain language, between chapter 41, Laws

1933, and other provisions of the law with regard to actions at law before, during or subsequent to foreclosure under authority of the court. Abolishment of actions at law on debts secured by mortgages is not included in chapter 41, Laws 1933. If the legislature contemplated abolishment of such actions, it could have amended the statutory provisions thereof, instead of leaving them intact.

In *Shellenberger v. Ransom,* 41 Neb. 631, 59 N. W. 935, it was held: "Statutes should be so construed as to give effect to the intention of the legislature, and if a statute is plain and unambiguous, there is no room for construction or interpretation."

We hold that a suit on a note, secured by a real estate mortgage, is a suit at law, independent, separate and distinct from a suit in equity to foreclose and satisfy a mortgage; that the legislature in amending section 20-2141, Comp. St. 1929, did not interfere with the right to bring an action at law on a promissory note secured by a real estate mortgage, as shown by the circumstances in this case.

AFFIRMED.