WILLIAM J. MAXWELL ET AL. V. HOME FIRE INSURANCE COMPANY OF OMAHA.

FILED DECEMBER 22, 1898.    No. 8545.

1. **Mortgages: FORECLOSURE: ACTION FOR RECOVERY OF DEBT.** Under the provisions of section 847 *et seq.* of the Code of Civil Procedure, as existing prior to 1897, either an action at law for the recovery

of a debt secured by a real estate mortgage or a suit to foreclose the mortgage will lie; but both remedies cannot be pursued at the same time, unless permission is given therefor by the court.

2. ——: ——: PLEDGE: ACTION ON NOTE. Where one executes a promissory note and transfers to the payee as collateral security thereto a note then held against a third person secured by a real estate mortgage, a decree foreclosing such mortgage will not bar an action at law on the first note, since it did not evidence the debt the mortgage was previously given to secure.

3. Action on Note: PRINCIPAL AND SURETY: JUDGMENT. In an action upon a promissory note, when it is disclosed that one maker is the principal debtor and the other signed as surety merely, a judgment for the plaintiff should, under section 511 of the Code of Civil Procedure, state which defendant is the principal debtor and which is surety.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J. *Reversed.*

*Duffie & Van Dusen,* for plaintiffs in error.

*W. H. De France, contra.*

NORVAL, J.

This was an action by the Home Fire Insurance Company of Omaha against William J. Maxwell and John T. Clark as joint makers of a promissory note for $1,900 given March 29, 1890, and due three years thereafter, drawing eight per cent interest from date of obligation. The defendants, for answer to the petition, admit the execution of the note, and allege, in substance, that the defendant Maxwell delivered to plaintiff as collateral security to the debt a certain promissory note for $5,400 executed by one George M. O'Brien, Jr., payable to the said Maxwell, and secured by mortgage on real estate situate in Douglas county; that after the maturity thereof Maxwell commenced a suit to foreclose such mortgage, in which the Home Fire Insurance Company of Omaha intervened, and in the decree rendered therein it was awarded a first lien on the mortgaged premises for $1,913.55, being the amount at that time due upon the note in controversy herein; that said decree is still in

force and wholly unsatisfied and is a bar to the present action; and that the defendant Maxwell was the principal on the note declared on herein, and that the defendant Clark signed the same as surety. A general demurrer to the answer was interposed by the plaintiff, which the court sustained, the defendants refused to further plead, and a joint judgment was entered against both for $2,280, without designating which was principal on the note and which executed as surety. From the order denying defendants' motion for a new trial they prosecute error to this court.

The first argument of defendants below is that the taking of a decree of foreclosure in the suit on the collateral note and mortgage is a bar to the present action, by virtue of the provisions of section 847 *et seq.* of the Code of Civil Procedure, as they existed at the time when the note herein was given, this action was instituted, and the judgment under review was pronounced. Section 845 of the Code of Civil Procedure (Compiled Statutes 1895) requires that a petition to foreclose real estate mortgages shall be filed in the county where the premises are situated. The next succeeding section authorizes the court in such a suit to decree a sale of the mortgaged premises, or such part thereof as may be sufficient to pay the amount due and costs. Section 847, as it then existed, relates to the rendition of deficiency judgments in foreclosure suits for the amount remaining due and unsatisfied after sale of the mortgaged premises, in cases in which such balance is recoverable at law, and authorizes the issuance of execution to collect such deficiency judgment. Sections 848 and 849 of said Code, as then in force, follow:

"Sec. 848. After such petition shall be filed, while the same is pending, and after decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court.

"Sec. 849. If the mortgage debt be secured by the

obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the petition, and the court may decree payment of the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases."

The two sections quoted were considered and construed in connection with sections 850 and 851 of the Code of Civil Procedure, in *Meehan v. First Nat. Bank of Fairfield*, 44 Neb. 213, and in an opinion by the present chief justice it was ruled that the statute authorized either an action at law for the recovery of the debt secured by real estate mortgage or a suit to foreclose the mortgage, at the option of the owner and holder thereof; but when he chooses one remedy he must exhaust it before resorting to the other, unless permission of the court is first obtained to pursue both remedies at the same time; and that pending foreclosure suit or after decree an action at law on the obligation or evidence of debt of a person other than the mortgagor, such as an indorser of the note secured by the mortgage, cannot be prosecuted without consent of the court of equity. That this decision is sound we do not entertain the shadow of a doubt, and if this were an action at law against O'Brien to recover the amount of his mortgage debt, it is very evident the doctrine announced in the case of which mention has been made would control. Manifestly, after the entry of the foreclosure decree against O'Brien, an action at law could not be maintained to recover from him the sum due on the debt secured by the mortgage, without leave of the court, in which foreclosure was brought, to pursue that remedy, having been first procured. However, this is not an action upon the O'Brien note, but upon an obligation to which he is not in any way a party, and which was not in existence when the mortgage was given. In the foreclosure against O'Brien no deficiency judgment could have been obtained against

either Maxwell or Clark for the amount remaining unpaid of the mortgage debt after sale of the mortgaged property, so that the case at bar does not fall within the scope and object of the statute stated in *Meehan v. First Nat. Bank of Fairfield, supra,* as follows: "The purpose of these provisions is evidently to avoid the two actions being in progress at the same time, and also the double costs and expenses, and to confine the creditor as closely as may be consistent with justice to him and his demands to the one action, and more especially does this seem true of the foreclosure action in which he is allowed to first subject the mortgaged property to the payment of the debt and the further remedy of a deficiency judgment for any balance of the debt remaining unextinguished." Section 848 is so plain and free from ambiguity as to admit of but one interpretation. During the pendency of a suit to foreclose a real estate mortgage, or after the rendition of the decree therein, the legislature has by said section prohibited the maintaining of an action "at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." There is no inhibition against the prosecution of proceedings at law to recover a debt, other than the one the mortgage at its inception was given to secure. It was never the intention of the lawmakers that the statute should apply to cases like the one at bar, else appropriate language indicative of such a purpose would have been used in framing the law. The note in suit is not the mortgage debt, and the fact that a decree of foreclosure has been taken on the note and mortgage held as collateral thereto will not defeat the present action. The note signed by Maxwell and Clark was not taken as security for the mortgage debt of O'Brien, and hence is not embraced within the provisions of said section 849, and is not an obligation or other evidence of debt of any person besides the mortgagor, within the meaning of the law.

The two New York cases cited by counsel for defend-

·ants below do not in the least conflict with the views herein expressed, or the conclusion we have reached on this question, as will be disclosed by an examination of the reported decisions.

In *Suydam v. Bartle*, 9 Paige Ch. [N. Y.] 294, it appears that James P. Bartle and others executed a real estate mortgage which on its face purported to secure a bond for $40,000, although the mortgage in fact was given as security for certain drafts or bills of exchange drawn by the obligors in the bond and one Westfall, which had been accepted by the plaintiff. In a suit to foreclose the mortgage permission was asked to proceed to trial and judgment in the action at law which had already been commenced for the recovery of the mortgage debt from Westfall, who was not a party to the foreclosure, and authority to do so was given. The chancellor said: "The object of the legislature unquestionably was to relieve the mortgagor from the expense of a double litigation. And where it is evident that the complainant could have had a perfect remedy against all persons who were liable for the payment of the debt, by a decree over against them for the deficiency, if he had chosen to make them parties to his foreclosure suit, it might not be a proper exercise of discretion for the court of chancery to permit any further proceedings to be had in the action at law after the filing of the bill of foreclosure." Permission to proceed at law was granted in that case, since it was doubtful whether a deficiency judgment against Westfall would have been proper had he been a party to the bill to foreclose, the mortgaged premises not being of sufficient value to pay the entire debt. We make no criticism on the ruling in that case, but that the decision has no application here is obvious. There the action at law was predicated on the very debt secured by the mortgage, while such is not the case here.

In *Scofield v. Doscher*, 72 N. Y. 491, it is disclosed that Peter Donlan executed and delivered to plaintiff a bond secured by a real estate mortgage, and thereafter Donlan

sold a part of the premises to one John Heiden, who agreed in the deed to pay a portion of the mortgage debt. The mortgage was foreclosed, the executor of Heiden being a party defendant. After the sale under the decree a part of the debt remained unpaid and an action at law was commenced by the mortgagee against the executor of Heiden to recover a deficiency judgment upon the covenant of the testator to pay a portion of the mortgage. It was held the action was not maintainable, as permission so to proceed had not been authorized by the court. That decision is in line with the holding of this court in *Meehan v. First Nat. Bank of Fairfield,* 44 Neb. 213, and which latter case we have already distinguished from the one at bar.

The answer pleaded that Maxwell was principal and Clark was surety on the note, and the demurrer admitted the truthfulness of such averment, and yet a joint judgment was rendered against both, without it having been certified on the record which of them was the principal debtor and which the surety, as required by section 511 of the Code of Civil Procedure. This was reversible error. (*Van Etten v. Kosters,* 48 Neb. 152.)

It is urged that the objection is raised for the first time in this court. The record does not sustain this contention. In the motion for a new trial it was assigned that the judgment was contrary to law. The character of the obligations assumed by the defendant was specially pleaded in the answer, which the demurrer admitted to be true. The rendition of a judgment in opposition to admissions in the pleadings is certainly contrary to law. For the error indicated the judgment is reversed and the cause remanded with directions to the district court to enter judgment in favor of the plaintiff for the amount demanded in the petition against Maxwell as principal debtor and Clark as surety.

REVERSED AND REMANDED.