## JOHN M. WAUGH ET AL. V. J. K. NEWELL.

FILED JULY 10, 1901. No. 9,947.

Commissioner's opinion, Department No. 1.

1. **After Foreclosure, Mortgage Creditor Must Obtain Leave of Court to Further Proceed.** Under the provisions of sections 847, 848, 849 and 850 of the Code of Civil Procedure prior to the amendments of 1897, a creditor whose debt is secured by mortgage, having foreclosed the mortgage, can not proceed in an action at law to recover a judgment for the remainder due upon the note or obligation, without leave obtained of the court having jurisdiction of the action of foreclosure to commence such action at law.

2. **Plaintiff Must Plead Authority.** The lack of authorization to bring such an action is not a defense necessary to be pleaded, but should be alleged, or at least proved by the plaintiff, as without such authorization the action can not be maintained. *Meehan v. First Nat. Bank*, 44 Nebr., 213.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*Ellery H. Westerfield,* for plaintiffs in error.

*McCabe, McGilton & Rath, contra.*

DAY, C.

On November 5, 1896, J. K. Newell commenced an action in the district court for Douglas county against the defendants, John M. Waugh and Jane Waugh, to recover upon certain promissory notes alleged to have been executed and delivered by the defendants to the Central Investment Company and by that company assigned to the plaintiff. The petition discloses that one note for $4,000 had been given by the defendants, and that to secure the payment thereof a mortgage upon certain real estate had also been executed by the defendants; that the mortgage had been foreclosed and the premises sold for $2,270, and after deducting the expenses of the foreclosure sale there

remained to be credited upon the note $1,888.32. The other eight causes of action alleged in the petition were each upon a note of $80, claimed, likewise, to have been executed and delivered by defendants to the Central Investment Company and by it transferred to plaintiff. No reference is made in the petition to any mortgage security for these notes. The plaintiff also caused an attachment to be issued and levied upon certain real estate, the grounds therefor being the non-residence of the defendants. On December 28, 1896, defendants appeared specially by a plea in abatement, and alleged that the court had no jurisdiction of the subject-matter of the action set forth in the several counts of the petition, for the reason that a suit had been commenced by plaintiff in the district court for Douglas county against the defendants to foreclose two mortgages upon real estate given to secure the indebtedness claimed in the several causes of action of plaintiff's petition, and that plaintiff had obtained no authority of court to bring the action as required by the statutes of the state. The plea asked that the writ of attachment be quashed and the levy discharged. The facts alleged in the motion were supported by affidavit and are not disputed. The trial court overruled the plea in abatement and entered judgment for the plaintiff. To review this ruling error is brought to this court.

The question presented may be stated as follows: Was it necessary for plaintiff to obtain leave of the court in which the foreclosure proceedings were prosecuted, before commencing this action to recover for any amount remaining due on the notes? All of the proceedings herein occurred prior to the act of 1897, repealing sections 847 and 849 and amending section 848 of the Code of Civil Procedure. The question presented must be determined in view of the statutes as they existed prior to the amendments of 1897. In *Meehan v. First Nat. Bank,* 44 Nebr., 213, the opinion of the court set out at length the provisions of sections 847 and 848 and the substance of 850 and 851 of our Code of Civil Procedure as they existed prior

to the amendments of 1897, and commenting thereon uses this language: "By reading and construing these sections together, as they should be, we reach the following conclusions: That if a creditor whose debt is secured by mortgage, commences an action at law for the recovery of the debt and obtains judgment, before he can afterward foreclose his mortgage by suit, he must show that he has exhausted the remedy at law; and if he first begins an action of foreclosure to enforce payment of the debt, inasmuch as he may, in the suit by foreclosure, recover a deficiency judgment against all proper parties who are liable for the payment of the indebtedness for and amount of the debt which the proceeds of the sale of the mortgaged property under the decree are insufficient to meet, then he must, if for any reason they have not been made parties to the foreclosure suit, or for any valid reason he desires to commence an action at law against any one of them, obtain permission so to do of the court before which foreclosure proceedings are pending or were instituted. It seems to have been contemplated by the law-makers in the enactment of these provisions embodied in the sections referred to that whichever course of procedure the creditor might elect to pursue for the recovery of his debt, he should pursue it to the end, and that while either a suit at law or action of foreclosure was in progress, the other should not and could not be, and whichever was first commenced, full relief should be afforded and obtained by it if possible before resorting to the other." It is urged by the plaintiff that the rule announced in *Meehan v. First Nat. Bank, supra,* has no application to the case under consideration, because, in the foreclosure proceeding, service was obtained upon defendants by publication, and that, therefore, no deficiency judgment could have been entered against them and that the reason of the statute would in consequence fail. There is nothing in the record showing that the defendants did not appear in the foreclosure suit. True, the petition alleges in the first cause of action that service was obtained on defendants by pub-

lication, but this is far from an allegation that defendants did not appear or that a personal judgment could not have been entered against them. In New York, under a similar statutory provision, in *Scofield v. Doscher,* 72 N. Y., 491, it is held: "The owner of a debt secured by mortgage, who holds an obligation or covenant for its payment or collection, given by a person other than the mortgagor, cannot enforce the obligation by action during the pendency of, or after judgment in an action to foreclose the mortgage unless authorized by the court; also held that the lack of authority to sue was not a defense necessary to be pleaded and proved affirmatively by defendants; but as there was no right of action without the authority it was for the plaintiff to allege, or at least to prove it in order to maintain his action." And in *Meehan v. First Nat. Bank, supra,* the same rule has been adopted in language as follows: "The lack of authorization to bring such an action is not a defense necessary to be pleaded, but the contrary should be alleged, or at least proved by the plaintiff, as without such authorization the action can not be maintained." But granting there was personal service or appearance of defendants, the principle announced by this court in the above mentioned case is conclusive against plaintiff's contention. In that case the record shows that service was had by publication upon Little, the maker of the note and mortgage, and that he made no appearance, and no service was attempted to be made upon the indorser, Meehan; and yet the court held that, having become liable by the indorsement and transfer for the payment to the holder of the whole amount of the debt or any sum remaining due thereon after the sale of the mortgaged premises and application of the proceeds to its payment, he was a proper, if not a necessary, party to the action, and judgment could have been rendered against him for deficiency, and, therefore, in order to bring suit at law against him as indorser the plaintiff should have obtained leave of the court in which the foreclosure suit was commenced to bring the action at law.

It is therefore recommended that the judgment be reversed and the cause remanded.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.