## CARLETON E. MANN V. CHARLES W. BURKLAND.

FILED MARCH 18, 1903. No. 12,743.

1. **Action:** MORTGAGE: FORECLOSURE: CODE. Under provisions of section 848 of the Code of Civil Procedure, prior to its amendment in 1897, no action at law could be maintained to recover on a debt secured by a mortgage, after a petition to foreclose the mortgage had been filed, or after a decree had been rendered, without authority from the court having jurisdiction of the foreclosure proceedings.

2. **Petition:** DEMURRER. A petition in an action at law seeking to recover on an indebtedness secured by a mortgage, where foreclosure proceedings have been instituted under the mortgage, are pending, or have gone to decree, is subject to demurrer if it fail to allege authority from the court having jurisdiction of the foreclosure proceedings to maintain the action at law.

3. ———: ———. Petition examined, and *held*, demurrer properly sustained.

ERROR to the district court for Lincoln county: HANSON M. GRIMES, DISTRICT JUDGE. *Affirmed.*

*Hoagland & Hoagland* and *T. C. Patterson,* for plaintiff in error.

*Wilcox & Halligan, contra.*

KIRKPATRICK, C.

This is a proceeding in error brought to obtain the reversal of a judgment entered by the district court for Lincoln county sustaining a demurrer to the petition of plaintiff in error and dismissing his action at his costs. The petition sets out that on the 28th day of July, 1890, one George E. Edge executed a note and mortgage to the McKinley-Lanning Loan & Trust Company in the sum of $600; that thereafter he sold the land covered by the mortgage to defendant in error, Charles W. Burkland, conveying the same to him by warranty deed, subject to the mortgage existing against it; that in said deed of conveyance defendant in error expressly assumed and agreed to pay the mortgage indebtedness; that the note and mortgage, before maturity, in the usual course of business, were transferred to plaintiff in error; that by their terms the note and mortgage became due August 1, 1895; that plaintiff instituted foreclosure proceedings in the district court for Lincoln county, and obtained a decree of foreclosure and order of sale of the premises in satisfaction of the amount found due; that thereafter an order of sale was duly issued, and the land described in the mortgage sold; that on June 10, 1899, the sale was duly confirmed; and that there remained due on the note and mortgage over and above the amount realized at the sale, the sum of $343.43. It is further alleged that no judgment for a deficiency was rendered against defendant in error in the foreclosure proceedings, but that on March 9, 1900, an application for a deficiency judgment was dismissed, without prejudice to further action thereafter; that no part of said deficiency has been paid, although often demanded. To this petition a demurrer was interposed, for the reasons, first, that the petition failed to state facts sufficient to constitute a cause of action; and, second, "that said petition does not show that an order of court was ever obtained authorizing the plaintiff herein to prosecute this action at law to recover the balance of the mortgage debt remaining

after the foreclosure of the mortgage securing the same."
This demurrer was by the trial court sustained, and plaintiff in error electing to stand on his petition, and refusing further to plead, judgment of dismissal was entered.

It appears from the petition that the note and mortgage matured August 1, 1895, and that proceedings to foreclose the same were commenced thereafter. Thus the cause of action arose, and the proceedings to enforce it were commenced, long prior to the passage of the act of 1897, repealing sections 847 and 849 and amending section 848 of the Code of Civil Procedure (Session Laws, 1897, ch. 95, secs. 1, 2). It follows that the right of plaintiff in error to relief must be determined by the law as it existed prior to 1897. *Thompson v West,* 59 Neb. 677, 49 L. R. A. 337.

Section 848 of the Code, prior to the enactment of the law of 1897, read as follows: "After such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." The section quoted was considered by this court in *Meehan v. First Nat. Bank, of Fairfield,* 44 Neb. 213, in a proceeding in all respects apparently like the one at bar, and there it is said: "Where a mortgage debt is secured by the obligation or other evidence of debt of any other person besides the mortgagor, the mortgagee can not, during the pendency or after decree rendered in the action to foreclose the mortgage, enforce such obligation or evidence of debt in an action at law unless authorized to commence such action by the court having jurisdiction of the suit of foreclosure." And in the same case it is further said: "The lack of authorization to bring such an action is not a defense necessary to be pleaded, but the contrary should be alleged, or at least proved by the plaintiff, as, without such authorization, the action can not be maintained." This case was quoted with approval and followed in *Maxwell v. Home Fire Ins. Co.,* 57 Neb. 207, and *Waugh v. Newell,* 62 Neb. 438. The rule thus announced is not only

settled by prior decisions, but it is difficult to see how, under the terms of the statute, any other construction could be adopted. It was certainly competent for the legislature to enact the provision, and it is clearly in accord with sound principle, that, where a party has elected to seek in a court of equity the foreclosure of his mortgage, that court is entitled to say whether he should recover a deficiency judgment therein or be given permission to bring an action at law.

In answer to this position, it is contended by plaintiff in error that if the effect of the section quoted is to prevent him from prosecuting his action at law after foreclosure proceedings are finally terminated, the section is unconstitutional, and further that the order of the court permitting him to dismiss his application for deficiency judgment without prejudice was, in effect, an entry of an order granting the permission contemplated by the section. We are unable to discover merit in either of these contentions. Plaintiff in error suggests no valid reason for holding the statute under consideration unconstitutional. Further, the order dismissing the application without prejudice clearly falls far short of the express authorization which is the necessary basis of an action at law. The statute contemplates an application for authorization to institute an action at law to be addressed to the court having jurisdiction of the foreclosure proceedings, consideration thereof by it, and, if deemed proper in the premises, a formal order granting the prayer of the applicant. Without an allegation that such authorization has been given by the court in which the foreclosure proceedings were had, the petition will on demurrer be held defective. It follows that the demurrer in the case at bar was properly sustained, and it is, therefore, recommended that the judgment of the district court be affirmed.

HASTINGS and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.