of the board of education vests in the city of New York, but all control over the same is vested in the board of education of said city. This same section provides as follows:

"Suits in relation to such property shall be brought in the name of the said board of education."

Section 1066 of the charter provides, in relation to the board of education:

"Said board shall have power to lease property required for the purpose of furnishing school accommodations, and to prepare and execute leases therefor."

Unquestionably the property involved in this action was required for the purposes of furnishing school accommodations. We think that the meaning of section 1066 is that, when such property is leased, the lease shall be executed by the board of education. That body has repeatedly been held liable for its own contracts, and not the city of New York.

· The order should be affirmed, with $10 costs and disbursements. All concur.

(161 App. Div. 742)

## In re STEINER.

(Supreme Court, Appellate Division, Second Department. April 17, 1914.)

1. MORTGAGES (§ 561*)—FORECLOSURE—ACTIONS AFTER FINAL DECREE—EQUITABLE CONSIDERATIONS.

The propriety of an order granted pursuant to Code Civ. Proc. § 1628, providing that, pending an action to foreclose a mortgage, or after final judgment, no other action shall be commenced to recover any part of the mortgage debt without leave of court, must be determined on equitable principles.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

2. MORTGAGES (§ 561*)—FORECLOSURE—ACTIONS AFTER FINAL DECREE—EQUITABLE CONSIDERATIONS.

Where a junior mortgagee, made a party defendant in a suit by the senior mortgagee to foreclose, did not request that the executrix of the deceased mortgagor be made a party, and he purchased, for $10,100 at the foreclosure sale, premises worth $14,000 or $15,000, while his interest as mortgagee was but $5,000, the equities of the case did not warrant an order under Code Civ. Proc. § 1628, permitting him to sue the executrix for a deficiency judgment.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

3. MORTGAGES (§ 561*)—FORECLOSURE—ACTIONS AFTER FINAL DECREE—EQUITABLE CONSIDERATIONS.

Where the executrix of a deceased mortgagor appeared individually in a suit to foreclose the senior mortgage, but did not answer because advised that there could be no deficiency judgment against her or deceased mortgagor, and the junior mortgagee, made a party, did not request that the executrix should be made a party in her representative capacity, the equities, from the standpoint of the executrix as such, did not justify an order granting the junior mortgagee the right to sue for a deficiency judg-

ment, especially where he had purchased, for $10,100 at the foreclosure sale, the premises worth $14,000 or $15,000, while his claim was only $5,000.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

Appeal from Special Term, Kings County Court.

Application of Burghard Steiner, individually and as surviving partner, to commence and maintain an action against Mary E. Day, as executrix, and another. From an order granting relief, Mary E. Day, executrix, appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

William S. Pritchard, of New York City, for appellant.

David J. Gallert, of New York City, for respondents Steiner and Noyes.

JENKS, P. J. [1] This is an appeal from an order pursuant to section 1628 of the Code of Civil Procedure. Its propriety must be determined by consideration of equitable principles. Equitable Life Ins. Society v. Stevens, 63 N. Y. 341.

[2] The respondents have secured permission to sue the executor of Albert A. Day for a deficiency arising upon the foreclosure sale of certain mortgaged premises. They owned an equitable interest in the mortgage subordinate to the sole plaintiff in that action, and as if it and they were first and second mortgagees respectively. The respondents were made parties defendant in that action, but neither answered nor demurred. The said plaintiff made, as other parties defendant, Mary E. Day, who was the owner of the equity of redemption, and Albert A. Day, who was bondsman mortgagor. But Albert A. Day died prior to the commencement of the action. The referee's report did not provide for any deficiency judgment, and none was entered. If Albert A. Day had lived after the action was begun, or if the plaintiff upon his death had brought in his representatives, the liability of Day or of his representatives upon the bond for the deficiency could have been established in that action. It appears in the respondents' petition that one of them advised the plaintiff that Day was dead, and it also appears that Mary E. Day had been appointed his executor 30 days prior to the commencement of the action. As the plaintiff originally had made Mr. Day a party, it is hard to infer that it would have refused to have brought in his representatives if the respondents had even suggested this course. It does appear that, in the affidavit of no answer filed, and that the notice of the pendency of the action had been filed, the attorney for the plaintiff stated that Mr. Day had died, and that he was not a necessary party, and procured a provision in the order of reference that his name be stricken out of the title or caption of the action. But, in view of the apparent harmony of the plaintiff and the respondents in that action, and of the fact that Mr. Day had been made a party, I cannot infer that the plaintiff would have refused to continue the action against his representatives. It does not appear that the respondents even suggested to the plaintiff,

much less sought or insisted, that the executor should be brought in. The present situation of the respondents is attributable to their own fault or to the fault of the plaintiff in the foreclosure action. This is indicated by the petition, for although it is said in one breath, "Your petitioners had no control over the said foreclosure proceedings, and would have been unable to make the estate of Albert A. Day parties defendant, and advised the plaintiff in said action that Albert A. Day had died," in another breath it is said, "If your petitioners had not been advised by the attorney for the estate that there were no assets in the estate, they would have been more diligent in seeing that the plaintiff in that action made the estate of Albert A. Day parties defendant, but they relied on the plaintiff in that action, the Title Guarantee & Trust Company, which was the legal owner of the entire bond and mortgage, to protect their rights, and relied on the claim for the deficiency judgment made in the complaint."

The total amount as shown by the report of the referee for computation was $14,109. The appellant showed that prior to the foreclosure the premises were appraised at $15,000, that Mrs. Day had refused $14,000 for them, and that the latter fact had been made known to the respondents. The property was sold for $10,100. The amount due the plaintiff was $8,882.50. The report of the referee shows that there was paid to the attorney for the plaintiff as the net proceeds of the sale $9,368.83. The subordinate interest of the plaintiffs was $5,000. But the sale was made to the Value Realty Company, which it is charged in the appellant's affidavits was a dummy for the petitioners, as it is also charged that one of the attorneys for the petitioners has admitted that he now holds said mortgaged property in his name as trustee for them. I do not find that these statements are denied. So that, even if the petitioners cannot now proceed for the deficiency, it would appear that at an outlay of $10,100 they have premises valued and appraised at $14,000 and $15,000.

[3] And now let us consider the equities from the viewpoint of this appellant. She appeared in the foreclosure suit but did not answer. She consulted counsel prior to the sale, and was advised that there could be no deficiency judgment against her because she did not sign the bond; that the deficiency judgment asked for in the complaint against Mr. Day could not be enforced because he had died before the action was begun, and no summons had been served on her as executor, and she had not appeared in such capacity. So she was advised by counsel to disregard the sale, and she did not attend it. The statement, supra, that, "If your petitioners had not been advised by the attorney for the estate that there were no assets in the estate," etc., is, I think, fully met by the affidavit of that attorney and by the facts therein detailed. I think that the equities are not with the respondents so as to justify the order, under the rule as announced in Equitable Life Ins. Society v. Stevens, supra, Matter of Collins, 17 Hun, 289, Morrison v. Slater, 128 App. Div. 467, 112 N. Y. Supp. 855; Matter of Rothschild, 160 App. Div. 530, 145 N. Y. Supp. 955, and that the order of the County Court of Kings County should be reversed, with $10 costs and disbursements. All concur.