FEDERAL FARM MORTGAGE CORPORATION, APPELLANT, V. HENRY CLAUSSEN ET AL., APPELLEES.

293 N. W. 424

FILED JULY 26, 1940.   No. 30868.

*Franklin L. Pierce, William W. Graham* and *F. A. Barta,* for appellant.

*W. D. Funk, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

Plaintiff prosecuted a mortgage foreclosure to completion. A balance of $2,500 remained unsatisfied after the proceeds of the sale were applied to the decree. The note and mortgage were executed and delivered January 27, 1934. The note was filed in the action when the decree was taken. Plaintiff filed a motion for leave to withdraw the note for the purpose of instituting suit against the makers for the deficiency. Treating the motion as an application for leave to withdraw the note from the files and for leave to bring a separate action at law against the "persons personally liable on the indebtedness evidenced by said note to recover judgment for the deficiency," the trial court denied the motion.

Section 20-2141, Comp. St. 1929, was by chapter 41, Laws 1933, amended to read as follows: "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel the delivery of the possession of the premises to the purchaser thereof." This does not deprive a mortgagee of the right to elect to proceed initially by suit upon the note instead of by foreclosure (*Federal Farm Mtg. Corporation v. Hughes,* 137 Neb. 454, 289 N. W. 866; *Federal Farm Mtg. Corporation v. Thiele,* 137 Neb. 626, 290 N. W. 471) nor does it deny the mortgagee the right to maintain an action at law to recover judgment for the deficiency (*Federal Farm Mtg. Corporation v. Cramb,* 137 Neb. 553, 290 N. W. 440). The effect of chapter 41, Laws 1933, as construed in the *Cramb* and *Thiele* cases, is to deny a deficiency judgment to the mort-

gagee in a foreclosure action and to leave unaffected other remedies for the collection of the debt.

Section 20-2142, Comp. St. 1929, provides: "After such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." This section was not repealed or amended by chapter 41, Laws 1933. *Federal Farm Mtg. Corporation v. Thiele, supra; Federal Farm. Mtg. Corporation v. Cramb, supra.*

What, then, is the power of the court under the language "unless authorized by the court?"

A review of many decisions of this court establishes the following as the proper construction of section 20-2142, Comp. St. 1929: The purpose of the statute is to protect the debtor and to prevent the prosecution of proceedings at law to recover the debt concurrently with proceedings to foreclose the mortgage and to prevent the possibility of two judgments being rendered against him for the same debt. If a creditor brings an action in foreclosure to enforce payment of the debt, he must pursue that remedy to its end and exhaust the relief afforded by that remedy before resorting to an action at law, "unless authorized by the court" to pursue an action at law and also one in equity at one and the same time. However, after exhausting the remedy by foreclosure, the equity proceeding is no longer pending and there is no further purpose or right of the court to control the beginning of an action at law. If remedies at law exist, an action at law may be had without the requirement of securing permission of the equity court. District courts do not have authority, unlimited as to time, to tell one creditor who has prosecuted a foreclosure that "you may" and another "you may not" sue at law for your deficiency. *Meehan v. First Nat. Bank of Fairfield,* 44 Neb. 213, 62 N. W. 490; *Hargreaves v. Menken,* 45 Neb. 668, 63 N. W. 951; *Maxwell v. Home Fire Ins. Co.,* 57 Neb. 207, 77 N. W. 681; *Brayton v. Oaks,* 2 Neb. (Unof.) 593, 89 N. W. 646; *Mer-*

*rill v. Miller,* 2 Neb. (Unof.) 630, 89 N. W. 606; *Waugh v. Newell,* 62 Neb. 438, 87 N. W. 143; *Mann v. Burkland,* 68 Neb. 269, 94 N. W. 116; *Armstrong v. Patterson,* 97 Neb. 229, 149 N. W. 408 (reversed on rehearing on other grounds) ; *Quesner v. Novotny,* 116 Neb. 84, 215 N. W. 796.

In the case here presented it is conceded that a deficiency judgment cannot be granted in the foreclosure action; the remedy in equity therefore is exhausted; there is nothing further in the foreclosure action that the court can do; that action is finally determined. An action at law if brought by the plaintiff to recover the deficiency will therefore be the only action pending, and but one judgment can be recovered for the deficiency and that in the action at law.

The foreclosure action being completed, the plaintiff may sue at law to recover judgment for the deficiency without pleading or proving that it has been authorized by the court to bring the action. The question of the necessity for court authorization was not presented in the *Cramb* case, for the reason that authorization of the equity court had been obtained.

The trial court has the right to protect its files. However, it should not, and we assume will not, deny the plaintiff the right to withdraw the note if plaintiff deems it necessary to produce the note to properly prove its case in an action at law to recover a judgment for the deficiency.

REVERSED AND REMANDED.

JOHNSEN, J., dissenting.

My concern is with the question whether chapter 41, Laws 1933, now section 20-2141, Comp. St. Supp. 1939, can soundly and effectively be made to accomplish the purpose for which it was enacted. That question does not seem to me to have received a sufficiently careful analysis, either in this case or in the cases of *Federal Farm Mtg. Corporation v. Cramb,* 137 Neb. 553, 290 N. W. 440, and *Federal Farm Mtg. Corporation v. Thiele,* 137 Neb. 626, 290 N. W. 471, which have preceded it.

The purpose of the legislature in enacting chapter 41, Laws 1933, is unmistakable. It was to prevent mortgage

debtors, who had lost their homes through foreclosure, from being bogged down with subsequent deficiencies that might shatter their morale or deprive them of the opportunity for rehabilitation. The opinion in this case and those in the *Cramb* and *Thiele* cases, *supra,* take the view that, whatever may have been the legislative intent, all that the statute actually does is to take away the power of the court to enter a deficiency judgment in the foreclosure proceedings, and that it does not affect the right to institute an action at law for a deficiency. If this is all that chapter 41, Laws 1933, accomplishes, it fails to serve any practical purpose whatsoever. In fact, its effect then is to increase, instead of to lessen, the financial burden of a harassed mortgage debtor, by forcing him to be subjected to the additional costs and expenses of another separate proceeding. Such a purposeless and burdensome result would be regrettable, and I cannot believe that, on the basis of sound legal principles, it is necessary to allow the statute thus to fail in its objective.

For convenience, I set out the language of the statute. Before its amendment by chapter 41, Laws 1933, section 20-2141, Comp. St. 1929, read: "When a petition shall be filed for the satisfaction of a mortgage, the court shall not only have the power to decree and compel the delivery of the possession of the premises to the purchaser thereof, but on the coming in of the report of sale, the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law; and for that purpose may issue the necessary execution, as in other cases, against other property of the mortgagor." As amended, the section was made to read: "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel the delivery of the possession of the premises to the purchaser thereof."

It seems to me that the section in its present form can properly be said to bar the institution of an action at law

to recover a mortgage debt deficiency after foreclosure proceedings have once been commenced or are completed. In the first place, even before the enactment of the 1933 amendment, when a mortgagee commenced a foreclosure proceeding, he no longer had an absolute and unconditional right to maintain an independent action at law. Section 20-2142, Comp. St. 1929, provides: "After such (foreclosure) petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." Up to the adoption of the opinion in the present case, as I read the decisions, the court had consistently held that, after foreclosure proceedings were commenced, it was essential to plaintiff's right to maintain a subsequent action at law, to plead and prove court authorization, whether such action was sought to be brought while the foreclosure proceedings were pending or after they had been completed.

In *Meehan v. First Nat. Bank of Fairfield*, 44 Neb. 213, 62 N. W. 490, after foreclosure sale and confirmation, the mortgagee brought action against the indorsers of the note, for the unsatisfied balance of the mortgage debt, without obtaining court authorization. The court reversed a judgment for plaintiff and held: "The lack of authorization to bring such an action is not a defense necessary to be pleaded, but the contrary should be alleged, or at least proved by the plaintiff, as, without such authorization, the action cannot be maintained."

In *Brayton v. Oaks*, 2 Neb. (Unof.) 593, 89 N. W. 646, it was said: "After the foreclosure proceedings were ended the plaintiff filed his petition, in this action at law * * * without having obtained authority from the court to institute such suit. * * * The plaintiff * * * having failed to show by his petition that he had applied for and obtained the consent of the court of equity to commence this action * * * the demurrer thereto was properly sustained."

In *Waugh v. Newell*, 62 Neb. 438, 87 N. W. 143, the mortgagee sued the mortgagors at law for the deficiency after

foreclosure sale. Defendants contended that the court had no jurisdiction, because the institution of the action had never been authorized by the equity court. Plaintiff contended that such authorization was not necessary "because, in the foreclosure proceeding, service was obtained upon defendants by publication, and that, therefore, no deficiency judgment could have been entered against them and that the reason of the statute would in consequence fail." The court held that under no circumstances could plaintiff "proceed in an action at law to recover a judgment for the remainder due upon the note or obligation, without leave obtained of the court having jurisdiction of the action of foreclosure to commence such action at law."

In *Mann v. Burkland,* 68 Neb. 269, 94 N. W. 116, the opinion says: "* * * it is contended by plaintiff in error that if the effect of the section quoted is to prevent him from prosecuting his action at law after foreclosure proceedings are finally terminated, the section is unconstitutional. * * * We are unable to discover merit in * * * these contentions."

The majority opinion cites the cases from which I have quoted, but it does not discuss them. To me, they are in irreconcilable conflict with the position now sought to be taken that, "The foreclosure action being completed, the plaintiff may sue at law to recover judgment for the deficiency without pleading or proving that it has been authorized by the court to bring the action." One other case will show, with perhaps even greater clarity, the unsoundness of the court's present position in relation to past judicial logic. In 1897 the legislature attempted to accomplish the same purpose as that sought to be achieved by chapter 41, Laws 1933, by striking out the words "unless authorized by the court," from what is now section 20-2142, Comp. St. 1929, so that the statute would simply read that, after foreclosure proceedings had been commenced, "no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof." In *Moore v. Neece,* 80 Neb. 600, 114 N. W. 767, this amendatory act was held unconstitutional, because the sen-

ate had made some changes in the bill, after its adoption by the house, which had not been formally concurred in by the house. In the situation presented in that case, if the rule were as the majority opinion now states it to be, there would have been no necessity, nor would the court have had the right, to pass upon the constitutionality of the statute.

I do not, of course, object to a change in the law, which is progressive, but in this case the judicial step seems to me to have moved backward. The majority opinion deprives a mortgage debtor of a protection which has hitherto existed in his favor, and at the same time wipes out the only possibility of effectuating chapter 41, Laws 1933, as I shall discuss more fully a little later. My point here is that, on the question of court authorization as a condition precedent to the right to commence an action at law, the granting of such leave has always been regarded as a matter for the exercise of sound legal discretion on the part of the court.

In *Mann v. Burkland, supra,* the court said: "The statute contemplates an application for authorization to institute an action at law to be addressed to the court having jurisdiction of the foreclosure proceedings, consideration thereof by it, and, if deemed proper in the premises, a formal order granting the prayer of the applicant."

In 42 C. J. 302, the rule is similarly stated: "The court is not absolutely bound to grant the application, but may refuse, in the exercise of a sound discretion." There is a long line of decisions in New York that support this statement, but I shall refer to only two or three of them for purposes of illustration.

In *Equitable Life Ins. Society v. Stevens,* 63 N. Y. 341, it was held: "Under the provisions of the Revised Statutes prohibiting an action at law, unless authorized by the court, to recover a debt secured by a mortgage during the pendency of an action to foreclose the mortgage, or 'after a decree rendered thereon,' the court is not absolutely bound to grant an application for leave to commence an action to recover a deficiency arising upon a sale under a judgment in a foreclosure suit wherein no provision was made for a

deficiency, but may, in the exercise of a sound discretion, grant or refuse it, in accordance with the equities of the case."

In *Matter of Steiner v. Day*, 161 App. Div. 742, 147 N. Y. Supp. 200, the court similarly said: "The propriety of granting leave to bring an action to recover a portion of a mortgage debt while a prior suit of foreclosure is pending, or after final judgment therein, is to be determined upon equitable principles."

*Stehl v. Uris*, 206 N. Y. Supp. 296 (210 App. Div. 444), illustrates a situation where the court exercised its discretion to refuse authorization to bring a subsequent action at law. The facts appear from the following paragraph of the syllabus: "Where mortgagor's executors extended time of payment of mortgage, and foreclosure resulted in deficiency, but no effort was made to hold executors personally liable, court will not grant leave to sue executors on bond for deficiency 9 years after foreclosure and 12 years after alleged liability accrued, when executors have no assets of estate from which they can reimburse themselves."

To summarize, it is clear to my mind that, until the decision in the present case, it has been the rule in this state that if a mortgagee wished to avail himself of the unequivocal right to sue at law, he was bound to pursue this route before instituting formal foreclosure. This would, of course, give the mortgagor the benefit of the delay incident to such a procedure. If he chose to place himself in the arms of an equity court, and to pursue the more direct route of getting control of the property, with such possible incidents as receivership, etc., his right to further recourse at law was within the sound regulation of the equity court, and that court might properly, in some situations, under equitable principles, such as estoppel and other unrecognized considerations, deny him the right to proceed at law, either during the pendency of the foreclosure or after sale and confirmation. Under no circumstances would he have the right to proceed, once he had submitted himself to equity jurisdiction, without authorization from that court,

which it might soundly grant or refuse. In this connection, I think the language of the court in *Equitable Life Ins. Society v. Stevens, supra,* is pertinent: "The assumption that the proceeding at law is prevented by the court of equity is erroneous. It is prohibited by the statute. Power is given to the court in proper cases to relax that prohibition; but when called upon to do so, the court should be governed by principles of equity in granting or refusing the application."

I am not here concerned with whether the district court's refusal to grant plaintiff leave to sue at law in this case would have been a proper exercise of discretion, prior to the enactment of chapter 41, Laws 1933. The point toward which I am heading is that, if this discretionary power was required to be exercised and leave granted before a right to sue at law existed, the question then is whether chapter 41, Laws 1933, in providing that "the court shall have the power *only* to decree and compel the delivery of the possession of the premises to the purchaser thereof," did not deprive the court of the power to authorize the institution of an action at law for a foreclosure deficiency, while at the same time leaving in effect, as against the mortgagee, the statutory ban of section 20-2142, Comp. St. 1929, that "no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." It seems to me that it did, and when looked at in this manner, chapter 41, Laws 1933, can soundly be made to effectuate the intent of the legislature. Such a construction is impossible, however, under the rule adopted by the majority, but the majority, as I have pointed out, have departed from our former decisions, in laying down the rule that "after exhausting the remedy by foreclosure, the equity proceeding is no longer pending and there is no further purpose or right of the court to control the beginning of an action at law. If remedies at law exist, an action at law may be had without the requirement of securing permission of the equity court." The point which the majority opinion misses or ignores is that, under

the statute, no remedy has ever existed at law in such a situation, without authorization of the equity court, soundly exercised.

I should perhaps add that I have examined the title to chapter 41, Laws 1933, to see that there is no constitutional violation in the interpretation which I have made of the act. The only constitutional provisions bearing upon the question are contained in section 14, art. III, where it is provided: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title. And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed."

I find nothing in the title that conflicts with these requirements. The title reads: "An Act to amend Sections 20-2141 and 20-2143, Compiled Statutes of Nebraska, 1929, relating to civil procedure, district courts; to divest courts of the power to enter a deficiency judgment in actions for the foreclosure of real estate mortgages; and to repeal said original sections." The act clearly does not contain more than one subject—matters "relating to civil procedure, district courts"—and this general subject is sufficiently clearly expressed in the title. The day when it was necessary for a legislative title to be a catalog or index of the purpose and contents of the act is past. So, too, the recitation in the title as to divesting courts of the power to enter a deficiency judgment in the foreclosure proceedings will not, because of its incompleteness, be permitted to defeat the obvious and admitted purpose which the legislature was seeking to accomplish, in view of the fact that such a recitation constitutes in reality a mere title surplusage, and is wholly unnecessary to the validity of the act. *City of Beatrice v. Masslich,* 108 Fed. 743, 47 C. C. A. 657. The act to my mind also fully meets the requirement that the new act must "contain the section or sections as amended and the section or sections so amended shall be repealed."

If it be suggested that the limitation upon the power of the court to authorize the institution of a suit at law is not

germane to the powers originally covered by section 20-2141, Comp. St. 1929, the answer seems to me to lie in giving to the word "amended," as used in the Constitution, the broad connotation to which it is entitled. The element of germaneness is a judicial limitation and not a constitutional one, and germaneness is in any event wholly a matter of relative viewpoint. The addition to or denial of powers exercisable by a court of equity in a foreclosure proceeding seems to me germane to and amendatory of any previous specification of correlative powers in that field. The fact that the act here involved incidentally restricts or affects the operation of section 20-2142, upon which the right to institute an action at law depends, does not, of course, make it invalid. *Pierson v. Faulkner*, 134 Neb. 865, 279 N. W. 813.

I am reminded how easy it is for the judicial mind to become impatient with legislative imperfection. Where, however, no constitutional rights have been invaded, where the legislative intent is known, and where the aim sought to be accomplished is admittedly salutary and necessitous, the courts should lend themselves to the accomplishment of the legislative purpose to the fullest extent possible. Here, as in all other processes with which the law deals, substance is more important than form. There run through my mind the words of the late Justice Holmes, in *Johnson v. United States*, 163 Fed. 30, while sitting as a Circuit Justice, when speaking with respect to legislative acts, he said that "It is not an adequate discharge of duty for courts to say: We see what you are driving at, but you have not said it, and we shall go on as before."