FRED GOLD, Appellant, v. LAKE ERIE ENGINEERING CORPORATION, Respondent. — Action to recover money paid under a contract to build a milling machine. Judgment was rendered in favor of the defendant, on the merits, after trial by the court without a jury. Judgment and order denying plaintiff's motion to amend the complaint to conform to the proof, unanimously affirmed, with costs. This court finds that title to the machine vested in respondent by force of the contract of May 23, 1936; and that while it appears that the respondent was thereafter willing to deliver the machine and drawings to the plaintiff's assignor, it had the right to impose conditions of delivery. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

MARTIN C. GROSSMAN, Appellant, v. JULIUS PERLMUTTER, as Administrator, etc., of NATHAN PERLMUTTER, Deceased, Respondent.— Action to recover the amount of a deficiency judgment entered after the foreclosure of two mortgages, which action was instituted on permission granted by the court. Judgment dismissing the complaint reversed on the law and a new trial granted, with costs to abide the event. Leave to maintain such an action is determined by equitable principles. (*Matter of Steiner* v. *Day*, 161 App. Div. 742.) The legal representative of Nathan Perlmutter, joint obligor with Sadie Perlmutter, was not a proper party defendant in the foreclosure action, where Nathan Perlmutter died after the commencement of that action but before he was served with process. (*Central Hanover B. & T. Co.* v. *Vernon Estates, Inc.*, 238 App. Div. 565.) The plaintiff could not enforce the joint obligation of Nathan Perlmutter, which became joint and several upon his death (Debtor and Creditor Law, § 236), until he had exhausted his remedies against the co-obligor. (*Matter of Horner*, 149 Misc. 695, 696, 697, and cases cited; *Matter of Burrows*, 283 N. Y. 540.) There is nothing in the moratorium acts that bars the maintenance of this action. (*New York Joint Stock Land Bank of Rochester* v. *Ryan Quarries, Inc.*, 258 App. Div. 849.) Section 1083-a of the Civil Practice Act is available to the defendant. He is not bound by the finding as to the amount of the deficiency made in the prior action. It is for this reason that the matter is remitted for a new trial in the event that he wishes to litigate the issue of the amount of the deficiency. If he acquiesces in the finding as to that amount, he may stipulate to forego a new trial and judgment may be entered for the amount of the deficiency heretofore fixed. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

CLARENCE HYAMS, Respondent, v. SAMUEL RAPPAPORT, Appellant. DOROTHY HYAMS, Respondent, v. SAMUEL RAPPAPORT, Appellant. (Consolidated Actions.) — Consolidated actions, (1) to recover damages for personal injuries sustained by the plaintiff Dorothy Hyams as a result of having been bitten by defendant's dog, and (2) by her husband to recover for expenses and loss of services. Orders of the County Court of Nassau County affirming the judgments of the City Court of Long Beach in favor of plaintiffs, entered after trial by the court without a jury, and judgments entered thereon, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.