**AETNA LIFE INSURANCE COMPANY, Appellee,**

v.

**David R. ANDERSON, Appellant.**

**No. 87–1701.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1987.

Decided June 2, 1988.

Gary L. Dolan, Lincoln, Neb., for appellant.

John H. Bernstein, Omaha, Neb., for appellee.

Before JOHN R. GIBSON, BOWMAN, and WOLLMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Aetna Life Insurance Company (Aetna) brought this diversity suit against David R. Anderson (Anderson) seeking to collect on a guaranty. After a bench trial, judgment was entered in favor of Aetna. Anderson appeals. We affirm.

## I.

Anderson was the president and a shareholder of Ineba Ranch, Inc. (Ineba Ranch).

On May 19, 1978, Aetna made a loan to Ineba Ranch in the principal amount of $550,000 and, in return, Ineba Ranch executed and delivered a promissory note to Aetna. The note was secured by a mortgage on the real property owned by Ineba Ranch in Union County, Iowa.[1] Additionally, to induce Aetna to provide the loan, Anderson (and two other individuals) signed a written guaranty (Guaranty) for the payment of the note.[2]

Ineba Ranch defaulted on the promissory note and mortgage. Sometime thereafter, Aetna filed a foreclosure proceeding and on October 26, 1984, the Iowa District Court for Union County entered judgment in the amount of $624,018.47, plus costs and interest, in favor of Aetna. Subsequently, the mortgaged property was sold at a sheriff's sale to Aetna, whose $400,000 bid was the highest offered.

█ Aetna commenced this action against Anderson on January 7, 1986, seeking, *inter alia*, to recover under the Guaranty $224,018.47, plus interest.[3] In his answer to Aetna's complaint, Anderson asserted that he had been relieved of liability under the Guaranty because the value of the property when Aetna obtained title (at the end of the one-year redemption period following the sheriff's sale) was greater than Ineba Ranch's indebtedness to Aetna and therefore the debt underlying the Guaranty had been satisfied. Anderson also asserted that he was discharged from any liability under the Guaranty because the value of the property had declined as a result of Aetna's failure to maintain it.

1. Ineba Ranch owned 1,004 acres of farmland in Union County.

2. The Guaranty was a "guaranty of payment," so there were no conditions precedent to the liability of the guarantors other than default of Ineba Ranch. *See* Designated Record (D.R.) at 17–18; *see also Preferred Inv. Co. v. Westbrook*, 174 N.W.2d 391, 395 (Iowa 1970). The Guaranty stated that the guarantors were to be jointly and severally liable. D.R. at 18.

3. Subsequent to the filing of this suit, Aetna netted $18,375.55 from the receiver who managed the property during the redemption period and obtained $82,500 from Richard D. Schultz, one of the other guarantors of Ineba Ranch's promissory note.

Prior to trial, Aetna objected to these defenses. The District Court treated Aetna's objection as a motion in limine and, in an unpublished pre-trial order filed April 2, 1987, ruled that under the Guaranty these defenses had been waived.[4]

At trial, Aetna's evidence showed that as of March 30, 1987, Anderson's liability to Aetna under the Guaranty was $225,123.19, plus $60.52474 per diem thereafter. Anderson attempted to present evidence concerning the value of the property in order to show that the underlying debt had been satisfied, but Aetna objected and the District Court sustained the objection. Additionally, the District Court rejected Anderson's contention that section 25–2140 of the Nebraska Revised Statutes (Reissue 1985) required Aetna to obtain leave of court to bring this action. In an unpublished order entered April 20, 1987, the District Court rendered judgment in favor of Aetna for $226,394.41, plus court costs.[5]

## II.

█ The primary issue on appeal is whether Anderson waived his right to contend that the property Aetna received as a result of the foreclosure sale had satisfied Ineba Ranch's debt. The District Court held that Anderson had waived his right to raise satisfaction as a defense in Paragraph Four of the Guaranty.[6] Paragraph Four states in pertinent part: *"Waiver.* The Guarantors jointly and severally waive . . . all defenses, offsets, and counterclaims which the Guarantors may at any time

4. The District Court also ruled that, in any event, Anderson's assertion that he was discharged because of Aetna's failure to maintain the property was not a valid defense under the applicable state law. *See infra* p. 108.

5. Anderson's liability was reduced by the sums obtained from Schultz and the receiver. *See supra* note 3.

6. Aetna contends that Anderson waived this defense in Paragraph One of the Guaranty as well as in Paragraph Four. Because we agree with the District Court that Anderson waived the defense in Paragraph Four, we need not reach this argument.

have to any claim of the Lender against the Borrower." Designated Record (D.R.) at 26.

The ordinary principles of contract construction apply to guaranty contracts. Restatement of Security § 88 (1941). Our objective is "to ascertain the meaning and intention of the parties as expressed in the language used." *Union Trust & Sav. Bank v. State Bank,* 170 N.W.2d 674, 677 (Iowa 1969).[7] We are to "give effect to the language in accordance with its plain and ordinary meaning and not make a new contract for the parties by arbitrary judicial construction." *Union Trust,* 170 N.W.2d at 677. And, in determining the intent of parties to a contract, we should "giv[e] effect, if possible, to all language used." *Small v. Ogden,* 259 Iowa 1126, 1130, 147 N.W.2d 18, 20 (1966).

In light of the above principles, we find Anderson's interpretation of Paragraph Four untenable. Anderson argues that, while not "altogether clear," Paragraph Four means that "the guarantor waives a right to interpose [a] defense available to ... the borrower. It does not mean ... that a guarantor also waives any defense that would be his defense as well." Brief of Appellant at 1.[8] Thus, Anderson's argument seems to be that he has waived only those defenses available solely to Ineba Ranch. We cannot accept this as a proper interpretation of the waiver. First, Anderson's interpretation flies in the face of the language of the Guaranty itself. Paragraph Four does not say that the guarantors waive defenses available *solely* to the *borrower,* but "*all* defenses ... which the *Guarantors* may at any time have to any claim of the Lender against the Borrower." D.R. at 26 (emphasis added). Second, it would be meaningless for a guarantor to waive defenses available solely to the debtor, because the guarantor never could assert such defenses in any event. Hence, Anderson's interpretation should be avoided since it renders the language at issue a nullity.

The defense of satisfaction is one of many defenses of principal debtors that ordinarily are available to guarantors.[9] A guarantor's liability is primarily defined, however, by the guaranty, and in the guaranty a guarantor may waive defenses he otherwise would be entitled to raise. *See, e.g., Brenton Bank & Trust Co. v. Beisner,* 268 N.W.2d 196, 199 (Iowa 1978); *Valley Nat'l Bank v. Cownie,* 164 Iowa 421, 424-25, 145 N.W. 904, 905 (1914). Nothing in the language of the Guaranty at issue in this case suggests that the guarantors did not intend to waive the satisfaction defense when they waived "all defenses ... [they] may at any time have."[10] Nor does Anderson present any persuasive reason—such as fraudulent inducement or coercion—why the apparent meaning of Paragraph Four should not be given effect.[11]

7. By the terms of the Guaranty, Iowa law, which the District Court applied, controls the substantive issues in this case. *See* D.R. at 6, 17.

8. Similarly, at another point in his brief Anderson says that in Paragraph Four he may have waived the right to raise "a defense of the mortgagor," but not a defense "available to him personally," Brief of Appellant at 1-2, and, at oral argument, counsel for Anderson contended that Paragraph Four waived only the defenses "the borrower-debtor may have."

9. *See* Calhoun, *Suretyship for the Iowa Lawyer,* 67 Iowa L.Rev. 219, 257 (1982). Although this defense is usually available to a guarantor, it is not the kind of defense characterized as "personal" to the guarantor, or the guarantor's "own." *See id.* at 254-55. *See also* Note, *Defenses of a Principal Available to a Surety,* 27 Iowa L.Rev. 601, 614-15 (1942).

10. The breadth of the waiver does not render it invalid. Courts routinely uphold broad waivers of rights by guarantors. *See, e.g., United States v. Beardslee,* 562 F.2d 1016 (6th Cir.1977), *cert. denied,* 439 U.S. 833, 99 S.Ct. 113, 58 L.Ed.2d 128 (1978); *Victory Highway Village, Inc. v. Weaver,* 480 F.Supp. 71 (D.Minn.1979); *McGill v. Idaho Bank & Trust Co.,* 102 Idaho 494, 632 P.2d 683 (1981); *Brenton Bank,* 268 N.W.2d 196; *Fruehauf Trailer Co. of Canada v. Chandler,* 67 Wash.2d 704, 409 P.2d 651 (1966); *Valley Nat'l,* 164 Iowa 421, 145 N.W. 904.

11. Although Anderson contends that the District Court's position allows Aetna to recover more than Aetna is owed under the Guaranty, we note that Anderson cites no authority suggesting that the amount of a successful bid at a sheriff's sale should not be used as evidence of the property's value and that, as counsel for Anderson pointed out at oral argument, Anderson is not contending that Aetna's bid was inadequate.

We therefore hold that Paragraph Four constitutes a waiver of all defenses that the guarantors might otherwise have raised, including the defense of satisfaction.[12]

### III.

Anderson's remaining arguments are also without merit. Anderson contends that he should be allowed to present evidence showing that "the deficiency was the result of [Aetna's] failures with regard to collateral or security," Brief of Appellant at 12, *i.e.*, that any deficiency was due to a decrease in the value of the property caused by Aetna's failure to maintain it. Assuming arguendo that Anderson did not contractually waive his right to present this argument, the argument nevertheless fails, for it assumes an affirmative duty of diligence on the part of Aetna. Iowa law imposes no such duty when, as here, the guaranty is one of payment; in fact, not even negligence on the part of Aetna would have discharged Anderson. *See Miller v. Geerlings*, 256 Iowa 569, 581, 128 N.W.2d 207, 214 (1964); *Fidelity Sav. Bank v. Wormhoudt Lumber Co.*, 251 Iowa 1121, 1126–27, 104 N.W.2d 462, 466 (1960).

Anderson further contends that Aetna failed to obtain the necessary leave of court pursuant to section 25–2140 of the Nebraska Revised Statutes (Reissue 1985) to bring this action.[13] We agree with the District Court that this statute is inapplicable. Conflict of laws issues concerning its applicability aside, the statute is inapposite to this case because it does not require a party to plead or prove court authorization to bring suit against a guarantor when, as here, the suit is brought after the relevant foreclosure action is completed. *See Fed-eral Farm Mortgage Corp. v. Claussen*, 138 Neb. 518, 521, 293 N.W. 424, 426 (1940) ("[A]fter exhausting the remedy by foreclosure, the equity proceeding is no longer pending and there is no further purpose or right of the court to control the beginning of an action at law."). We need not consider, therefore, any other arguments concerning the statute's applicability.

### IV.

Aetna seeks to recover the costs involved in defending this appeal, including attorneys' fees. Under Iowa law, "When judgment is recovered upon a written contract containing an agreement to pay an attorney's fee, the court shall allow and tax as a part of the costs a reasonable attorney's fee...." Iowa Code Ann. § 625.22 (West Supp.1988). The Guaranty states that the guarantors are liable to Aetna for its attorneys' fees and costs. Accordingly, Aetna is entitled to recover as part of its costs of this appeal reasonable fees for the services rendered by its attorneys with respect to this appeal. Aetna should submit its bill of costs to this Court. *See* Fed.R. App.P. 39(d).

AFFIRMED.

---

12. Anderson's contention that the District Court inappropriately applied res judicata has no merit. The District Court did not prevent Anderson from raising the defense of satisfaction because of the judgment for Aetna in the Iowa foreclosure proceedings, but because of Anderson's waiver of the defense. Anderson was not bound by the Iowa proceedings, to which he was not a party, but by his own contract. Also, we do not consider our decision in this case inconsistent with *Central Soya Co. v. Epstein Fisheries, Inc.*, 676 F.2d 939 (7th Cir.1982). That case was governed by Wisconsin law and does not appear to have involved a waiver of the sort found in the Guaranty before us.

13. Section 25–2140 provides: "After [a mortgage foreclosure] petition shall be filed, while the same is pending, and after a decree is rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." Neb.Rev.Stat. § 25–2140 (Reissue 1985).