Jeffrey D. KAVADAS, Appellant,

v.

NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.

Civ. No. 900348CA.

Court of Appeals of North Dakota.

March 13, 1991.

Miller, Norman & Kenney, Moorhead, Minn., for appellant; argued by Kevin J. Deitz.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.

ALLAN L. SCHMALENBERGER, District Judge.

Jeffrey D. Kavadas appeals from a district court judgment affirming the North Dakota Workers Compensation Bureau's determination of its statutory subrogation interest. We affirm.

On July 16, 1987, Kavadas was injured while attempting to arrest Jeffrey Lorenzen, who had been drinking at Poor Richards Bar. Kavadas was employed as a police officer with the Grand Forks Police Department, and he filed an application for workers compensation benefits. The Bureau accepted his claim, and as of January 17, 1990, had paid Kavadas $54,810.16 in benefits.

Kavadas commenced a civil action against Lorenzen and Poor Richards. The jury returned a verdict awarding Kavadas damages in the amount of $254,000.52. The jury apportioned 75 percent of the fault to Lorenzen and 25 percent of the fault to Poor Richards. Pursuant to Section 32–03.2–02, N.D.C.C., the trial court determined that Lorenzen's and Poor Richards' liability was several, not joint.[1] Thus,

---

1. In 1987, Section 32–03.2–02, N.D.C.C., was en-        acted to provide:

Kavadas was entitled to recover $190,500.39 from Lorenzen and $63,500.13 from Poor Richards. In addition, Kavadas was also allowed costs and disbursements of $12,504.98.

Kavadas has recovered nothing from Lorenzen, but has recovered damages from Poor Richards of $63,500.13, costs and disbursements of $6,133.68, and interest of $8,838.22 for a total of $78,472.03.

■ The Bureau's subrogation rights are set forth in Section 65–01–09, N.D.C.C.:

"... The fund shall be subrogated to the rights of the injured employee or his dependents to the extent of fifty percent of the damages recovered up to a maximum of the total amount it has paid or would otherwise pay in the future in compensation and benefits for the injured employee...."

The Bureau claimed subrogation rights to one-half of the $78,472.03, less the Bureau's responsibility for attorney fees and costs. The Bureau calculated its subrogation interest as follows:

| | | |
|---|---:|---:|
| One-half of the total recovery of $78,472.03 | | $39,236.01 |
| Less: | | |
| Bureau's responsibility for attorney fees (⅓ of $39.236.01) | $13,078.67 | |
| Bureau's share of costs | 6,252.49 | |
| Costs previously paid | (1,701.25) | |
| Total reductions | | (17,629.91) |
| Net subrogation interest claimed | | $21,606.10 |

Kavadas argues that the Bureau's subrogation interest should be limited to the percentage of the total damage award actually recovered by the claimant. More specifically, Kavadas asserts that he has only recovered 25 percent of the total amount of his damage award and, therefore, the Bureau should only be allowed to recover 25 percent of the workers compensation benefits paid to him.

In *Waith v. Workmen's Compensation Bureau*, 409 N.W.2d 94, 96 (N.D.1987), the Supreme Court stated:

"As we indicated in [*State by Workmen's Compenstion Bureau v.*] *Clary* [389 N.W.2d 347 (N.D.1986)], the statute unambiguously provides that the Bureau's subrogation rights apply 'to the extent of 50 percent of the damages recovered.' The provision neither permits nor requires the Bureau's subrogation interest to be further reduced when the recipient's recovery from the third-party

tortfeasor does not constitute a total recovery of the damages sustained by the recipient. The reason that a recipient secures only a partial recovery against the third-party tortfeasor is immaterial to the application of the Bureau's subrogation rights under Section 65–01–09, N.D.C.C."

The same rationale is applicable in this case. Neither Section 32–03.2–02, N.D.C.C., nor Section 65–01–09, N.D.C.C., permits a reduction of the subrogation rights because the claimant is unable to recover his full damages from all tortfeasors.

Although Kavadas argues for the application of equitable concepts, the majority in *Waith, supra*, rejected this argument. The majority recognized "that the rights conferred on employers and employees under workmen's compensation statutes are purely statutory." *Waith, supra*, 409 N.W.2d at 97. Thus, the Bureau's subro-

"When two or more parties are found to have contributed to the injury, the liability of each party is several only, and is not joint, and each party is liable only for the amount of damages attributable to the percentage of fault of that party."

Kavadas appealed the trial court's determination of several liability, and it was affirmed in *Kavadas v. Lorenzen*, 448 N.W.2d 219 (N.D. 1989).

gation interest should not be restricted to coincide with Kavadas' limited recovery.

Section 65–01–09, N.D.C.C., provides the Bureau with a statutory subrogation interest against "damages recovered" by an injured employee. In its calculation of damages recoverable under Section 65–01–09, N.D.C.C., the Bureau included the interest Kavadas recovered on the damages. Because the statute does not specifically include the word "interest," Kavadas argues that the Bureau incorrectly included the interest he received on his damages in calculating the Bureau's subrogation amount.

In North Dakota "[e]very person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages." Section 32–03–01, N.D.C.C.

In a tort action the recovery of interest is based on Section 32–03–05, N.D.C.C., which provides:

"In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given in the discretion of the court or jury."

Black's Law Dictionary 729 (5th ed. 1979) defines "interest" as, "the compensation allowed by law or fixed by the parties for the use or forbearance or detention of money."

In construing Section 32–03–04, N.D.C.C., which provides the circumstances under which one can receive interest on damages, the Supreme Court stated: "[t]his statute *fixes interest as the measure of damages* for the retention of money that is due and payable to another." (Emphasis added.) *Jacobson v. Mutual Ben. Health & Accident Ass'n*, 70 N.D. 566, 296 N.W. 545, 557 (1941).

Having considered these authorities, we conclude that the term damages within Section 65–01–09, N.D.C.C., includes the interest recovered by Kavadas. Therefore, the Bureau properly included interest recovered by Kavadas in calculating its subrogation claim.

The judgment of the district court upholding the Bureau's determination is affirmed.

WILLIAM F. HODNY, District Judge, and VERNON R. PEDERSON, Surrogate Judge, concur.