9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Theresa POITRA, Individually and as Personal Representative
of Sylvester Poitra, Deceased, Appellee,
v.
PARK CONSTRUCTION CO., Inc., Appellee,
v.
E. F. Steel, Inc., Appellant.
 No. 93-1169/93-1435.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October l5, l993.
Filed: October 22, 1993.
 
 Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 This case arose when Sylvester Poitra died from injuries sustained in an accident that occurred at work while he was employed by E.F. Steel, Inc. (Steel). Theresa Poitra (Poitra), Sylvester's widow, filed this action against Park Construction Company (Park), the contractor for the North Dakota Garrison Diversion Project. Park subcontracted with Steel who was to perform part of the work. Park impleaded Steel, claiming that, under their subcontract, Steel should indemnify Park for any damages owed to Poitra. The trial court[1] found each of the parties partially responsible for the negligence that caused the accident. The court apportioned the negligence as follows: Sylvester Poitra 27%; Park 46%; and Steel 27%. Prior to trial, the court held that Steel was liable under its indemnification agreement with Park for all damages for which Park might be held liable. Steel appeals, arguing that its liability to Park was limited to $100,000 under the terms of the subcontract. Steel also appeals the district court's award of prejudgment interest to Park.
 
 I.
 
 2
 At the center of this dispute is the "Standard Sub-Contract Agreement" between Park and Steel (the subcontract). Paragraph Four of the subcontract sets forth the relevant obligations of Steel. In that paragraph, Steel agreed
 
 
 3
 To obtain, effect, maintain and pay for all workers' compensation insurance that may be required by the General Contract or by law and public liability insurance protecting the Sub-Contractor against claims for bodily injury, death or damage to property and for such other risks as are specified below occurring upon, or in connection with, the execution of work covered by this Sub-Contract.
 
 
 4
 The paragraph also provided coverage amounts for bodily injury and property damage, specifically, $100,000 for each person and $500,000 for each occurrence. The paragraph further provided that Steel would indemnify Park and hold Park harmless for all damages and injury to all persons and all property, and required that Steel obtain general liability insurance to cover these risks.
 
 
 5
 Steel argued below and argues here that it cannot be held liable to Park for an amount in excess of $100,000 because Paragraph Four limits Steel's indemnification of Park to that amount. Steel argues that under North Dakota law, an indemnitee cannot recover more than the amount of insurance coverage required in an indemnification agreement. In support of that proposition, Steel cites us to Rupp v. American Crystal Sugar Co., 465 N.W.2d 614 (N.D. 1991). Rupp held that where an indemnification agreement provided for the indemnitee to be named as an additional insured on the indemnitor's insurance policy, the amount of insurance required in the agreement does indeed act as a limit on the amount of indemnification; the indemnitee cannot get the benefit of the additional insurance that the indemnitor purchased and for which the indemnitee did not bargain.
 
 
 6
 This, of course, is not our case. Here, the subcontract did not require that Park be named as an additional insured on Steel's policy, and Park was not so named. Instead, Steel undertook four separate obligations with respect to its indemnification of Park. First, Steel was required to obtain workers' compensation insurance as required by law and by the general contract. Second, Steel had to obtain "liability insurance protecting the Sub-Contractor [Steel] against claims for bodily injury, death or damage to property (emphasis supplied)." It was the coverage afforded by this liability insurance that was limited to $100,000 per person and $500,000 per occurrence. Third, Steel agreed to indemnify Park and hold Park harmless for all damages or injury to all persons and property. Finally, Steel was required to obtain "such general liability insurance coverage as will insure the provisions of this paragraph."
 
 
 7
 In a conclusion that is not at issue here, the District Court found each of the three parties partially responsible for the negligence that was the proximate cause of the accident. Under the third obligation of Paragraph Four, Steel indemnified Park for Park's share of the negligence, which the District Court found to be 46%, resulting in damages in excess of $232,000. The fourth requirement of Paragraph Four, that adequate insurance be obtained to indemnify Park, unlike the second requirement, neither required nor suggested a specific limit of liability. Therefore Steel must indemnify Park for the full amount of Park's share of the damages owed to Poitra. The limit of $100,000 applies not to Steel's indemnification of Park, but to the insurance policy Park required Steel to purchase to cover claims made directly against Steel.
 
 II.
 
 8
 North Dakota law allows prejudgment interest to be awarded at the discretion of the court or jury. N.D.C.C. Sec. 32-03-05. Section 32-03-05 applies to actions "for the breach of an obligation not arising from contract." Id. The District Court awarded prejudgment interest on Park's share of the damages that Sylvester Poitra suffered as a result of his injuries and death. Steel argues that Section 32-03-05 is limited by Section 32-03-04, which allows interest on damages "certain or capable of being made certain by calculation." N.D.C.C. Sec. 32-03-04. Steel characterizes Section 32-03-04 as a limitation on Section 32-03-05 by quoting the North Dakota Court of Appeals: Section 32-03-04 "provides the circumstances under which one can receive interest on damages." Kavadas v. North Dakota Workers Comp. Bureau, 466 N.W.2d 839, 841 (N.D. App. 1991). Steel's argument is meritless. We do not believe that the North Dakota Court of Appeals meant that Section 32-03-04 provides the only circumstances under which one can receive interest on damages. Even if that court did intend such an interpretation, we decline to follow dictum of an intermediate state appellate court that contradicts the plain language of the statute.
 
 III.
 
 9
 The District Court awarded Park reasonable attorney's fees incurred in connection with enforcing the indemnification agreement. Paragraph Four expressly allows Park to recover such fees. The District Court properly awarded fees that Park incurred in answering the complaint, and in filing, prosecuting, and attempting to settle its third-party claim.
 
 
 10
 Park seeks an additional award of fees and costs incurred in responding to Steel's appeal. Since the contract provides for recovery of fees incurred to enforce the indemnification agreement, and since Steel is appealing an order enforcing that agreement, Park's fees are recoverable. See Aetna Life Insurance Co. v. Anderson, 848 F.2d 104, 108 (8th Cir. 1988) (applying Iowa law and interpreting a guarantee that expressly made guarantor liable for attorneys' fees and costs); Barsness v. General Diesel Equip. Co., 422 N.W.2d 8l9, 827 (N.D. l988) (under North Dakota law an indemnitee may not recover fees and costs unless the indemnification agreement explicitly says otherwise). Costs will also be taxed against Steel, and Park is directed to submit a bill of costs in accordance with Fed. R. App. P. 39(d).
 
 IV.
 
 11
 For the reasons indicated, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Karen K. Klein, Magistrate Judge, United States District Court for the District of North Dakota, sitting by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)(1)